# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### Fort Myers Division

| | |
|---|---|
| **VIVID ENTERTAINMENT, LLC, a California limited liability company,** | |
| Plaintiff, | **Case No. _____** |
| v. | **TRADEMARK INFRINGEMENT CASE** |
| **J&B PB, LLC, a Florida limited liability company, and JOSE BASERVA,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Vivid Entertainment, LLC  ("Plaintiff"), hereby files this Complaint against Defendants,  J&B PB, LLC ("J&B") and  JOSE BASERVA ("Baserva") (collectively hereinafter referred to as, the "Defendants"), and alleges the following:

### Parties, Jurisdiction and Venue

1.      Vivid Entertainment, LLC is a limited liability company, organized and existing under the laws of the State of California, with its principal place of  business in Los Angeles, California.

2.      J&B PB, LLC is an inactive, administratively dissolved, limited liability company, that at all material times hereto was, organized and existing under the laws of the State of Florida, with its principal place of business in Fort Myers, Florida.

3.      Jose Baserva is a resident of Fort Myers, Florida, over the age of majority, and is otherwise *sui juris*.

4.      Baserva is the sole owner and shareholder of J&B.

1

5.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 (Diversity) because complete diversity exists between Plaintiff and J&B or Baserva and the amount in controversy exceeds $75,000.00, exclusive of interests, costs and attorneys' fees.

6.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1338(a) because this is a civil action for trademark infringement arising under the laws of the United States, specifically 15 U.S.C. §§ 1114, 1125(a), and1125(d).

7.      Supplemental jurisdiction exists over all claims pursuant to 28 U.S.C. § 1367.

8.      This Court has personal jurisdiction over Defendants, and venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because Defendants have committed, and continue to commit, acts of infringement in the State of Florida, including in this district, because J&B is headquartered in this district, and because Baserva resides in this district.

9.      All conditions precedent to bringing the instant action have occurred, been performed, and/or have otherwise been excused, satisfied, or waived.

10.     Plaintiff has retained the undersigned counsel and is required to pay all costs and reasonable attorneys' fees in prosecution of its rights against Defendants in this action.

## Facts Common to All Counts

### Plaintiff's Trademarks

11.     Plaintiff is one of the world's largest producers of high quality adult entertainment.

12.     To identify to its customers its high quality entertainment products, Plaintiff (and/or its predecessor in interest Vivid Video, Inc.) registered the trademark "VIVID"

2

("Plaintiff's Trademark") with the United States Patent and Trademark Office (the "PTO") for several different products and services, including but not limited to Trademark Registration No. 2,415,035 for On-line Websites and Registration No. 2,475,741 for Night Club Services.

13.     On December 26, 2000, the PTO issued Plaintiff's predecessor in interest, Vivid Video, Inc., Plaintiff's Trademark for On-line Websites, Registration No. 2,415,035. A copy of the Certificate of Registration is attached hereto as Exhibit "1."

14.     On August 7, 2001, the PTO issued Plaintiff's predecessor in interest, Vivid Video, Inc., Plaintiff's Trademark for Night Club Services, Registration Number 2,475,741. A copy of Vivid Video, Inc.'s Certificate of Registration is attached hereto as Exhibit "2."

15.     On August 30, 2007, Vivid Video, Inc. assigned Plaintiff's Trademark for Night Club Services to Plaintiff under a Nunc Pro Tunc assignment effective July 26, 2002. A copy of the Certificate of Registration is attached hereto as Exhibit "3."

16.     On August 30, 2007, Vivid Video, Inc. assigned Plaintiff's Trademark for On-line Websites to Plaintiff under a Nunc Pro Tunc assignment effective July 26, 2002.  A copy of the Certificate of Registration is attached hereto as Exhibit "4."

17.     Plaintiff sells and distributes a broad line of goods bearing Plaintiff's Trademark as a means of identifing its products and notify customers as to its products' origin and quality.

18.     Plaintiff's products, bearing Plaintiff's Trademark, are distributed worldwide on DVD, pay-per-view and video-on-demand cable and satellite television, over the Internet, and via wireless programs.

3

19.     Plaintiff owns over three-hundred and fifty (350) domain names which include Plaintiff's Trademark, including but not limited to vivid.com, the address of Plaintiff's main website which prominently features the Plaintiff's Trademark, as well as copyrighted photographs and audiovisual works.

20.     Plaintiff's Trademark is famous; Plaintiff's Trademark has established wide recognition and goodwill with the general consuming public as one of the world's largest producers of high quality erotic and adult entertainment, and acquired a special significance in the adult entertainment industry through its goods and services.

21.     Plaintiff's Trademark is inherently distinctive; the general consuming public associate Plaintiff's Trademark with the goods and services of Plaintiff and high quality erotic and adult entertainment.

22.     Plaintiff has granted licenses to use Plaintiff's Trademark for nightclubs, including: (i) the operation of a nightclub named "Vivid" at the Grand Canal Shoppe at The Venetian Resort Hotel Casino, Las Vegas Nevada, (ii) new nightclubs to be opened in New York City, New York and Los Angeles, California under the name "Vivid Cabaret" and (iii) a nightclub in Mooresville, Charlotte, North Carolina under the name "Vivid's Gentleman's Club."

23.     Plaintiff markets Plaintiff's Trademark in connection with nightclub services by hosting "Vivid" nightclub events throughout the United States.

<u>Defendants' Acts</u>

24.     In or about April 2011, Defendants began using or imitating Plaintiff's Trademark in the operation of "Vivid Cabaret" nightclub located at 2586 Palm Bay Rd.,

4

Palm Bay, Florida  32905 ("Vivid Cabaret Nightclub"), and in promotion and adversing of its goods or services.

25.     In or about April 2011, Defendants began using or imitating Plaintiff's Trademark on www.vividcabaret.com ("Infringing Website") to promote and advertise Vivid Cabaret Nightclub and its goods and services.

26.     Baserva is the registered owner of domain name <vividcabaret.com> ("Infringing Domain Name"). A copy of the WHOIS search report is attached hereto as Exhibit "5." Baserva is using or imitating Plaintiff's Trademark on the Infringing Domain Name.

27.     In or about November 2011, Baserva and J&B sold the all of the assets of Vivid Cabaret Nightclub to Vivid, LLC.

28.     From April 2011 through November 2011, Defendants used Plaintiff's Trademark in the operation of Vivid Cabaret Nightclub, and in the promotion, advertisment, and sale of its goods and services and Defendants commercially gained from the sale of a nightclub bearing Plaintiff's Trademark, Vivid Cabaret Nightclub.

29.     On December 4, 2012, Plaintiff sent Vivid, LLC a cease and desist letter demanding that Vivid, LLC discontinue use of Plaintiff's Trademark in connection with the operation of Vivid Cabaret Nightclub.  A copy of said cease and desist letter is attached hereto as Exhibit "6."

30.     On December 13, 2012, Vivid, LLC confirmed that it purchased Vivid Cabaret Nightclub on or about December 2011 from J&B.  A copy of the letter from LLC is attached hereto as Exhibit "7."

5

31.    On May 10, 2013 Vivid, LLC agreed to cease using or immitating Plaintiff's Trademark in the operation of Vivid Cabaret Nightclub. As part of the Agreement, Vivid, LLC assigned and transferred unto Plaintiff the entire right, title, interest and goodwill in and to the name "Vivid," including all rights in and to the name "Vivid" (including all domain names containing the word "vivid"). A copy of the Agreement is attached and incorporated herein as Exhibit "8."

32.    On April 10, 2013, Plaintiff sent Baserva and J&B a cease and desist letter demanding that Baserva discontinue use of Plaintiff's Trademark and to take immediate steps to transfer the Infringing Domain Name to Plaintiff.  A copy of said cease and desist letter is attached hereto as Exhibit "9."

33.    On April 10, 2013, Baserva responded to Plaintiff's cease and desist letter and admitted to registering the Infringing Domain Name to market and advertise Vivid Cabaret Nightclub.  A copy of Baserva's e-mail to Plaintiff is attached hereto as Exhibit "10."

34.    Defendants are using or imitating Plaintiff's Trademark on social media websites, including but not limited to Facebook,[1] to promote and advertise Vivid Cabaret Nightclub and its goods and services.

35.    On April 23, 2013, Defendants filed a trademark application for the mark "Vivid Cabaret," for nightclubs, namely adult entertainment services, (the "Trademark Application") and submitted a specimen with Trademark Application that he is currently

---

[1] https://www.facebook.com/pages/Vivid-Cabaret/204559512968484; and https://www.facebook.com/pages/Vivid-Cabaret-Palm-Bay-Road/160264244017804. *See also*, Baserva's Trademark Application specimen, Ex. 10, *supra*.

6

using the mark "Vivid Cabaret" at Vivid Cabaret Nightclub.   A copy of the Trademark Application specimen is attached hereto as <u>Exhibit "11."</u> Defendants are using or imitating Plaintiff's Trademark on the Trademark Application.

36.     Upon information and belief, Defendants plan on opening and operating other adult entertainment nightclubs, in addition to Vivid Cabaret Nightclub, using or imitating Plaintiff's Trademark.

37.     Despite the sale of Vivid Cabaret Nightclub to Vivid, LLC, J&B is still using Plaintiff's Trademark on the Infringing Website and, upon information and belief, commercially gaining from the continued adverisment and promotion of the Infringing Website and/or the Infringing Domain Name.

38.     Defendants are not now nor have they ever been affiliated, associated, or connected with Plaintiff.

## COUNT I
## INFRINGEMENT OF REGISTERED TRADEMARKS – 15 U.S.C. § 1114
### (J&B and Baserva)

39.     Plaintiff adopts and re-alleges paragraphs 1- 38 *in haec verba*.

40.     Plaintiff's Trademark for Night Club Services and On-line Websites are validly registered to Plaintiff with the PTO.

41.     Plaintiff's Trademark is recognized in erotic and adult entertainment to the general consuming public as signifying a product or producer of high quality goods and services.

7

42.    Defendants are using or imitating Plaintiff's Trademark, as described above, in the same trade area as Plaintiff, erotic and adult entertainment goods or services, websites and nightclubs.

43.    Defendants are using or imitating Plaintiff's Trademark without Plaintiff's consent.

44.    Defendants' use or imitation of Plaintiff's Trademark constitutes use in commerce.

45.    Defendants' use or imitation of Plaintiff's Trademark is likely to cause confusion, mistake or deceive ordinary customers into believing that Defendants are in some way affiliated, associated, or connected to Plaintiff as both are engaged in adult entertainment goods, services, websites and nightclubs.

46.    Defendants are using or imitating Plaintiff's Trademark with knowledge that such use will cause confusion, mistake or deceive ordinary customers into believing that Defendants are in some way affiliated, associated, or connected to Plaintiff.

47.    Plaintiff has been damaged as a direct and proximate cause of Defendants' infringement. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates it for their infriengment, plus Defendants profits, treble damages in the amount of three times such profits, Plaintiff's damages, and reasonable attorneys' fees, together with interest and costs, pursuant to 15 U.S.C § 1117.

48.    Upon information and belief, Defendants' actions will continue unless Defendants infingement is enjoined by this Court pursuant to 15 U.S.C § 1116.

## COUNT II

8

## USE OF FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(a)
## (J&B and Baserva)

49.     Plaintiff adopts and re-alleges paragraphs 1- 38 *in haec verba*.

50.     Plaintiff's Trademark for Night Club Services and On-line Websites are validly registered to Plaintiff with the PTO.

51.     Plaintiff's Trademark is recognized in erotic and adult entertainment to the general consuming public as signifying a product or producer of high quality goods and services.

52.     Defendants are using or imitating Plaintiff's Trademark, as described above, in the same trade area as Plaintiff, erotic and adult entertainment goods or services, websites and nightclubs.

53.     Defendants are using or imitating Plaintiff's Trademark without Plaintiff's consent.

54.     Defendants' use or imitation of Plaintiff's Trademark is deceptive and/or has a tendency to cause confusion, mistake or to deceive ordinary customers, and is likely to cause ordinary customers into believing that Defendants are in some way affiliated, associated, or connected to Plaintiff as both are engaged adult entertainment goods, services, websites and nightclubs.

55.     Defendants' use or imitation of Plaintiff's Trademark is a false designation of the goods' or services' origin, sponsorship or approval and mispresents to ordinary consumers that Defendants are in some way affiliated, associated, or connected to Plaintiff.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

56.     Defendants are intentionally using or imitating Plaintiff's Trademark with the intent of causing confusion, mistake and/or to deceive ordinary customers into believing that Defendants are in some way affiliated, associated, or connected to Plaintiff in order to unfairly trade upon Plaintiff's wide recognition and goodwill for their own commercial gain.

57.     Plaintiff has been damaged as a direct and proximate cause of Defendants' infringement. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates it for their infriengment, plus Defendants profits, treble damages in the amount of three times such profits, Plaintiff's damages, and reasonable attorneys' fees, together with interest and costs, pursuant to 15 U.S.C § 1117.

58.     Upon information and belief, Defendants' actions will continue unless Defendants infringement is enjoined by this Court pursuant to 15 U.S.C § 1116.

## COUNT III
## CYBERSQUATTING – 15 U.S.C. § 1125(d)
### (Baserva)

59.     Vivid adopts and re-alleges paragraphs 1- 38 *in haec verba*.

60.     Plaintiff's Trademark for On-line Websites is validly registered to Plaintiff with the PTO.

61.     Plaintiff's Trademark is distinctive and famous.

62.     Baserva registered and is using the Infringing Domain Name and Infringing Website that are identical and/or confusingly similar to Plaintiff's Trademark in the same trade area as Plaintiff, erotic and adult entertainment websites and nightclubs.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

63.     Baserva registered or acquired the Infringing Domain Name and activated the Infringing Website which Baserva knew or should have known were identical and/or confusingly similar to Plaintiff's Trademark.

64.     Plaintiff's Trademark was registered with PTO at the time Baserva registered the Infringing Domain Name and activated the Infringing Website using Plaintiff's Trademark.

65.     Baserva registered, trafficed, and/or is using the Infringing Doman Name and Infringing Website in bad faith and with intent to profit from Plaintiff's wide recognition and goodwill that it has established as one of the world's largest producers of high quality erotic and adult entertainment.

66.     Baserva registered, trafficed, and/or is using the Infringing Doman Name and Infringing Website in bad faith and with intent to cause confusion, mistake or deceive ordinary customers into believing that Defendants are in some way affiliated, associated, or connected to Plaintiff in order to unfairly trade upon Plaintiff's wide recognition and goodwill for his own commercial gain.

67.     Plaintiff cannot ascertain the full extent of legal damages caused by Defendants' cybersquatting. Consequently, Plaintiff has no adequate remedy at law and Plaintiff is entitled to the forfeiture of the comain name and transfer of the domain name to Plaintiff (pursuant to 15 USC § 1125(d)).

## COUNT IV
## INFRINGEMENT OF REGISTERED TRADEMARK – FLA. STAT. § 495.131
### (J&B and Baserva)

68.     Plaintiff adopts and re-alleges paragraphs 1- 38 *in haec verba*.

11

69.     Plaintiff's Trademark for Night Club Services and On-line Websites are validly registered to Plaintiff with the PTO.

70.     Plaintiff's Trademark is recognized in erotic and adult entertainment to the general consuming public as signifying a product or producer of high quality goods and services.

71.     Defendants are using or imitating Plaintiff's Trademark, as described above, in the same trade area as Plaintiff, erotic and adult entertainment goods or services, websites and nightclubs.

72.     Defendants are using or imitating Plaintiff's Trademark without Plaintiff's consent.

73.     Defendants' use or imitation of Plaintiff's Trademark constitutes use in commerce.

74.     Defendants' use or imitation of Plaintiff's Trademark is likely to cause confusion, mistake or deceive ordinary customers into believing that Defendants are in some way affiliated, associated, or connected to Plaintiff as both are engaged in adult entertainment goods, services, websites and nightclubs.

75.     Defendants are using or imitating Plaintiff's Trademark with knowledge that such use will cause confusion, mistake or deceive ordinary customers into believing that Defendants are in some way affiliated, associated, or connected to Plaintiff in order to unfairly trade upon Plaintiff's wide recognition and goodwill for their own commercial gain.

76.     Plaintiff has been damaged as a direct and proximate cause of Defendants' infringement described above. Defendants are, thus, liable to Plaintiff in an amount that

12

adequately compensates it for their infriengment, plus Defendants profits, treble damages in the amount of three times such profits, Plaintiff's damages, and reasonable attorneys' fees, together with interest and costs, pursuant to Fla. Stat. § 495.141.

77.    Upon information and belief, Defendants' actions will continue unless Defendants' infringment is enjoined by this Court pursuant to Fla. Stat. § 495.141.

**COUNT V**
**DECEPTIVE AND UNFAIR TRADE PRACTICES – FLA. STAT. § 501.201,** *et seq.*
**(J&B and Baserva)**

78.    Plaintiff adopts and re-alleges paragraphs 1- 38 *in haec verba*.

79.    Plaintiff's Trademark is recognized in erotic and adult entertainment to the general consuming public as signifying a product or producer of high quality goods and services.

80.    Defendants are using or imitating Plaintiff's Trademark, as described above, in the same trade area as Plaintiff, erotic and adult entertainment goods or services, websites and nightclubs.

81.    Defendants are using or imitating Plaintiff's Trademark without Plaintiff's consent.

82.    Defendants' use and imitation of Plaintiff's Trademark is deceptive and it is likely, or inevitable, that ordinary customers will believe that Defendants are in some way affiliated, associated, or connected to Plaintiff as both Plaintiff and Defendants are engaged in adult entertainment goods, services, websites and nightclubs.

13

83.     Defendants' use or imitation of Plaintiff's Trademark is a false designation of the goods' or services' origin, sponsorship or approval and mispresents to ordinary consumers that Defendants are in some way affiliated, associated, or connected to Plaintiff.

84.     Defendants are intentionally using or imitating Plaintiff's Trademark to deceive ordinary customers into believing that Defendants are in some way affiliated, associated, or connected to Plaintiff in order to unfairly trade upon Plaintiff's wide recognition and goodwill for their own commercial gain.

85.     Defendants knew or should have known that their use or imitation of Plaintiff's Trademark would deceive ordinary customers into believing that Defendants are in some way affiliated, associated, or connected to Plaintiff.

86.     Plaintiff has been damaged as a direct and proximate cause of Defendants' practices described above. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates it for practices, Plaintiff's commercial damages in lost sales and licensing fees, plus a civil penalty pursuant to Fla. Stat. § 501.2075 and Plaintiff's reasonable attorneys' fees, together with interest and costs, pursuant to Fla. Stat. §§ 501.2105 and 501.2075.

87.     Upon information and belief, Defendants' actions will continue unless Defendants' infringment is enjoined by this Court pursuant to Fla. Stat. §§ 501.207(b) and 501.211.

### COUNT VI
### UNFAIR COMPETITION – FLORIDA COMMON LAW
### (J&B and Baserva)

88.     Vivid adopts and re-alleges paragraphs 1- 38 *in haec verba*.

14

89.     Plaintiff's Trademark is recognized in erotic and adult entertainment to the general consuming public as signifying a product or producer of high quality goods and services.

90.     Defendants are using or imitating Plaintiff's Trademark, as described above, in the same trade area as Plaintiff, erotic and adult entertainment goods or services, websites and nightclubs.

91.     Defendants' use and imitation of Plaintiff's Trademark is deceptive and it is likely, or inevitable, that ordinary customers will believe that Defendants are in some way affiliated, associated, or connected to Plaintiff, or that the Defendants' goods or services have an origin or sponsorship with Plaintiff.

92.     Defendants are intentionally using or imitating Plaintiff's Trademark to deceive ordinary customers into believing that Defendants are in some way affiliated, associated, or connected to Plaintiff in order to unfairly trade upon Plaintiff's wide recognition and goodwill for their own commercial gain.

93.     Defendants are engaged in unfair practices and unfair methods of competition by using and imitating Plaintiff's Trademark with knowledge that such use will cause confusion, mistake or deceive ordinary customers into believing that Defendants are in some way affiliated, associated, or connected to Plaintiff.

94.     Plaintiff has been damaged as a direct and proximate cause of Defendants' practices described above. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates it for competition, Plaintiff's commercial damages in lost sales and licensing fees.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

**Jury Demand**

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**Prayer for Relief**

Plaintiff, Vivid Entertainment, LLC, hereby requests that this Court find in its favor and against Defendants, and that this Court grant Plaintiff the following relief:

a)       Enter judgment that Plaintiff's Trademark has been infringed literally and/or by the doctrine of equivalents by Defendants;

b)       Enter judgment for Plaintiff on this Complaint;

c)       Enter judgment that Defendants account for and pay Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

d)       Enter judgment that Defendants account for and pay Plaintiff all profits derived by Defendants' infringing activities and other conduct complained of herein pursuant to 15 U.S.C. § 1117 and Florida Statute § 495.141;

e)       Enter judgment that Defendants pay Plaintiff treble damages in the amount of three times Defendants profits derived by Defendants' infringing activities and other conduct complained of herein pursuant to 15 U.S.C. § 1117;

f)       Enter judgment that Defendants pay Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1114(2)(D)(iv); 15 U.S.C. § 1117; Florida Statute § 501.2105; and Florida Statute § 495.141;

16

g)      Enter judgment that Defendants pay pre-judgment and post-judgment interest on any award;

h)      Enter a permanent injunction enjoining Defendants and their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendants, and each of them, from: (a) using the trademark VIVID or any colorable imitation thereof; (b) using any trademark that imitates or is confusingly similar to or in anyway similar to the trademark VIVID or that is likely to cause confusion, mistake, deception or public misunderstanding as to the origin of Plaintiff's products, services or their connectedness to Defendants;

i)      Enter a permanent injunction enjoining Defendants from (i) using the domain name <vividcabaret.com> or any colorable imitation thereof; and (ii) be ordered to notify in writing and direct to all publishers of directories or lists, including internet search engines, in which Defendant's use of the domain name <vividcabaret.com> or the trademark VIVID appears, to delete all references to these names from their public databases, search engine directories, directory assistance and from all future directories in which said name is to appear, and to delete al forwarding or "cache memory" or storage mechanisms referencing such name;

j)      Directing Defendants to transfer to Plaintiff the domain name registration for <vividcabaret.com> pursuant to 15 USC § 1125(d);

k)      Directing Defendants to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendant bearing a trademark found to infringe

17

Plaintiff's trademark VIVID rights, as well as all plates, matrices, and other means of making the same pursuant to 15 U.S.C. § 1118;

l)      Directing Defendants to file with the Court and serve on Plaintiff within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Injunction;

m)      Directing Defendants to immediately notify in writing and direct all publications in which any advertisements or other references to Defendants' business are scheduled to appear to cancel all advertisements and references using Plaintiff's Trademark; and

n)      Granting any such and other further relief as this Court deems just and proper.

Dated: July 10, 2013                          Respectfully submitted,

                                              /s/  *Paul D. Turner*_____
                                              Paul D. Turner, Esq. (0113743)
                                              pturner@pbyalaw.com
                                              Joshua B. Spector, Esq. (0584142)
                                              jspector@pbyalaw.com
                                              PERLMAN, BAJANDAS, YEVOLI &
                                              ALBRIGHT, P.L.
                                              200 South Andrews Ave. Suite 600
                                              Ft. Lauderdale, FL 33301
                                              Telephone: (954) 566-7117
                                              Facsimile: (954) 566-7115
                                              *Attorneys for Plaintiff Vivid Entertainment, LLC*

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086