# EXHIBIT 9

MICHAEL R. WEREMBLEWSKI, Esq.
---------- Attorney *at Law* ----------

365 Chairfactory Road
Elma, New York 14059
(716) 805-7888
E-Mail: mw@weremblewski.com

April 10, 2013

**VIA E-MAIL to jbaserva@gmail.com
AND CERTIFIED MAIL**

Mr. Jose Baserva
2577 1st St
Fort Myers, Florida 33901

Re: Vivid Entertainment, LLC/Cybersquatting www.vividcabaret.com

Dear Mr. Baserva:

I represent Vivid Entertainment, LLC ("Vivid"), in certain intellectual property matters.

Vivid is the owner of the well-known trademark and trade name VIVID, as well as the domain name VIVID.COM. Since its inception in 1984, the VIVID brand has become one of the most highly recognized adult entertainment brands in the world. Vivid owns numerous trademark registrations and applications for its VIVID mark, including U.S. Trademark Registration No. for VIVID, Registration No. 2475741. Nightclub Services

Vivid has used and actively promotes its VIVID mark for a number of years, and has invested considerable time and money establishing exclusive proprietary rights in the VIVID mark for adult entertainment services and a wide range of goods. As a result of its efforts, Vivid has built up substantial goodwill in the VIVID mark.

You have registered, without Vivid's permission or authorization, the domain name http://www.vividcabaret.com/ (the "Domain Name").

The Anti-Cybersquatting Consumer Protection Act ("ACPA") was enacted to protect holders of distinctive trademarks from "cybersquatting", which involves the registration as domain names of well-known trademarks by non-trademark holders in bad faith. The ACPA imposes civil liability on a person who, "without regard to the goods or services of the parties".

A reverse WHOIS search on 'Domain Tool' shows that you registered over 23 domain names, suggesting that you have a history of warehousing well known trademarks owned by others. The courts have regularly stated that the practice of a defendant to register domain

Mr. Jose Bavara
April 10, 2013
Page 2

names that are identical or similar to well known or famous trademarks or names is evidence of bad faith.

In addition, you are not part of Vivid's business. You are not acting as an agent for or an affiliate of Vivid, nor are you associated with Vivid in any other capacity. There is no evidence that you are known by, or commonly associated with, the Domain Name. Nor are you engaged in a personal or business activity that demonstrates that you have any legal right to or legitimate interest in the Domain Name. The passive holding of a confusingly similar domain name by a party without any legitimate interest is evidence of bad faith.

**ACCORDINGLY, DEMAND IS HEREBY MADE UPON YOU TO:**

1. IMMEDIATELY DISCONTINUE ANY AND ALL USE OF THE DOMAIN NAME;

2. TAKE IMMEDIATE STEPS TO TRANSFER THE DOMAIN NAME TO VIVID;

3. IMMEDIATELY AND PERMANENTLY REFRAIN FROM ANY USE OF THE TERM VIVID OR ANY VARIATION THEREOF THAT IS LIKELY TO CAUSE CONFUSION OR DILUTION.

If I have not heard from you within seven (7) days of receipt of this letter, I will have no choice but to advise Vivid to pursue all available legal remedies. The demands made herein shall not prejudice or waive any rights or remedies that Vivid may have in respect of the subject matter set forth herein, all of which rights and remedies are hereby expressly reserved.

Very truly yours,

Michael Weremblewski, Esq.