**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Fort Myers Division**

| | |
|---|---|
| **VIVID ENTERTAINMENT, LLC,** | |
| Plaintiff, | **Case No. 13-cv-00524-JES-DNF** |
| v. | |
| **J&B PB, LLC, et al.,** | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT, ALTERNATIVELY, MOTION TO DISMISS AMENDED COUNTERCLAIM**

Plaintiff/Counter-Defendant Vivid Entertainment, LLC ("Vivid"), pursuant to Rule 12, Federal Rules of Civil Procedure, hereby moves for a more definite statement or, alternatively, to dismiss Defendant/Counter-Plaintiff Jose Baserva's ("Baserva's") Amended Counterclaim – and states as follows:

## I.   Introduction

Baserva's Amended Counterclaim presents a single, consecutive numbering system and incorporates each and every allegation of Defendants' joint *Amended Answer and Affirmative Defenses* into his Amended Counterclaim. For these reasons, Vivid cannot reasonably frame a response to Baserva's Amended Counterclaim.

## II.   Procedural Background

On October 22, 2013, Defendants filed their *Answer, Affirmative Defenses and Counterclaim* [DE 26]. On October 31, 2013, Plaintiff filed its *Motion to Strike Defendants' Affirmative Defenses* [DE 29] and its *Answer and Affirmative Defenses to Defendants'*

*Counterclaim*[1] [DE 30]. On November 8, 2013, Defendants, pursuant to Rule 15, Federal Rules of Civil Procedure, and as a matter of course, amended their pleadings and filed their *Amended Answer, Affirmative Defenses [and] Counterclaims* [DE 31].

### III.   Argument and Incorporated Memorandum of Law

**A.   The Amended Counterclaim is so vague and ambiguous that a more definite statement is required.**

*1.   Standard for motion for definite statement.*

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[2] A Rule 12(e) motion is appropriate if "the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]."[3] "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail."[4]

Here, Baserva's Counterclaim contends: "Baserva re-alleges the allegations set forth in Paragraphs 1 through 51 [of Defendants'] Amended Answer, Affirmative Defenses, and

---

[1] Defendants' Counterclaim [DE 26] was filed with CM/ECF as a "Response;" therefore, Plaintiff was unable to file its responsive pleading as an "Answer," instead Plaintiff filed its Answer and Affirmative Defenses as it "Notice of Filing Answer and Affirmative Defenses" attaching same as Exhibit 1 [DE 30].

[2] Fed. R. Civ. P. 12(e).

[3] *Ramirez v. F.B.I.*, No. 8:10-CV-1819-T-23TBM, 2010 WL 5162024 *2 (M.D. Fla. Dec. 14, 2010) (quoting *Sun Co., Inc. (R & M) v. Badger Design & Constr., Inc.*, 939 F.Supp. 365, 368 (E.D.Pa.1996) (internal quotation marks omitted)).

[4] *Id*. (quoting *Aventura Cable Corp. v. Rifkin/Narragansett South Fla. CATV Ltd. P'ship*, 941 F.Supp. 1189, 1195 (S.D.Fla.1996) (internal quotations marks omitted)).

Counterclaims."[5] This incorporation renders the Amended Counterclaim arduous, confusing and improper. Therefore, a more definite statement or dismissal is proper.

### 2. *Baserva's pleading improperly requires Vivid to respond to Defendants' affirmative defenses.*

As pleaded, and taking into consideration Rule 8(b)(6), Vivid would be required to respond to each and every allegation contained within Defendants' Amended Answer and Affirmative Defenses, a response which is otherwise not required and/or allowed under the Rules. Rule 8(b)(6), Federal Rules of Civil Procedure, *Effect of Failing to Deny*, provides:

> An allegation ... is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

As currently pleaded, the Amended Counterclaim obligates Vivid to respond to each of Defendants' Affirmative Defenses (i.e., approximately 50 paragraphs) as part of responding to the Amended Counterclaim.

Moreover, the Affirmative Defenses that are incorporated into the Amended Counterclaim in turn "adopt and re-allege paragraphs 1-101 and 103 of [Defendants'] Answer, Affirmative Defenses and Counterclaim of October 21, 2013...."[6] So, in total, the Amended Counterclaim imports an additional load of approximately 150 allegations. All of these allegations – when presented as part of an affirmative claim for relief – demand a response from Vivid, the answering-defendant.

---

[5] DE 31 at 10, ¶52.

[6] *Id*. at 1, ¶1.

### 3. *Mass importation of allegations can render a pleading vague and ambiguous sufficient to require a more definite statement.*

When a complaint is so poorly drafted that a party cannot be expected to frame a fair response a party may file a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure.[7] In a factually analogous case, another division of this Court found a pleading so vague and ambiguous as to require a more definite statement where the cascading causes of action simply incorporated all preceding allegations, whether or not those allegations were relevant to or supported the pertinent claims.[8]

Here, the subject pleading is yet more scattershot. The Amended Counterclaim hearkens to, and imports from, a wholly separate pleading as well as from the entirety of dissociated portions of Docket Entry No. 31 (i.e., the separate pleading of the amended answer and the affirmative defenses). For the reasons and authority cited here, the mass importation of other, entire pleadings, renders the Amended Counterclaim so vague and ambiguous that Vivid cannot reasonably frame a response to the Amended Counterclaim. To do so would invite incredible peril, and considerable difficulty and confusion in having to regard the other, 150+ paragraphs of allegations outside the Amended Counterclaim, all of which demand a response lest Vivid be deemed to have admitted same.

---

[7] *Rondon v. HSBC Bank United States*, 2013 U.S. Dist. LEXIS 41673 (M.D. Fla. 2013) (citing *Popham v. Cobb Cty., Ga.*, 392 Fed. App'x 677, 679 (11th Cir. 2010)).

[8] *Ramirez*, 8:10-CV-1819-T-23TBM, 2010 WL 5162024 *2. *See also Yong Ho Lee v. Pulte Mortgage, LLC*, No. 2:09-CV-0096-RWS, 2010 WL 1049997 *1 (N.D. Ga. Mar. 17, 2010) (reviewing Eleventh Circuit decisions on "shot-gun" pleadings).

**B.     For these same deficiencies, the Amended Counterclaim likewise fails to state claims upon which relief may be granted.**

While courts often treat such pleading deficiencies with orders on more definite statements, there is precedent to dismiss a pleading for failure to state claim where the pleading "improperly incorporates all prior allegations in each of the succeeding counts."[9] The Amended Counterclaim should likewise be dismissed without prejudice.

### IV.   Certificate of Good Faith Conference

Pursuant to Local Rule 3.01(g) and Fed. R. Civ. P. 26(c), on Thursday, November 13, 2013, counsel for Vivid conferred with counsel for Baserva *via* telephone in a good faith effort to resolve the issues raised herein; at the undersigned's suggestion, Baserva's counsel stated that he would move for leave to amend his Amended Counterclaim and Vivid would not oppose such a motion. The deadline for Baserva to take this action has come and gone with no motion to amend by Baserva. Vivid's response to Baserva's Amended Counterclaim is due November 22, 2013. As such, Vivid is left with no choice but to proceed with this motion.

WHEREFORE, Plaintiff Vivid Entertainment, LLC prays for this Honorable Court to order Baserva to amend his counterclaims with a more definite statement or, alternatively, dismiss Baserva's counterclaims without prejudice, and award such other and further relief as this Court may deem just and proper.

---

[9] *Barnett v. Carnival Corp.*, No. 06-22521CIVOSULLIVAN, 2007 WL 1746900 *2 (S.D. Fla. June 15, 2007) (granting a joint motion to dismiss, alternatively motion for more definite statement on this ground).

Dated:  November 21, 2013

Respectfully submitted,

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Ave. Suite 600
Ft. Lauderdale, FL 33301
Telephone: (954) 566-7117
Facsimile: (954) 566-7115
*Attorneys for Plaintiff Vivid Entertainment, LLC*

/s/  *Joshua B. Spector*
Paul D. Turner, Esq. (0113743)
Email: pturner@pbyalaw.com
Joshua B. Spector, Esq. (0584142)
Email: jspector@pbyalaw.com
Joey M. Lampert, Esq (72570)
Email: jlampert@pbyalaw.com

## V.   Certificate of Service

I hereby certify that on November 21, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Joshua B. Spector*
Counsel of Record

## SERVICE LIST

Paul D. Turner, Esq.
pturner@pbyalaw.com
Joshua B. Spector, Esq.
jspector@pbyalaw.com
Joey M. Lampert, Esq
jlampert@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI &
ALBRIGHT, P.L.
200 South Andrews Ave., Suite 600
Fort Lauderdale, FL 33301
Telephone: (954) 566-7117
Facsimile: (954) 566-7115
*Attorneys for Plaintiff, Vivid Entertainment, LLC*
*Available for service via CM/ECF*


Steven A. Ramunni, Esq.
steve@kahleramunni.com
KAHLE & RAMUNNI, P.A.
1533 Hendry Street, Suite 101
Fort Myers, FL 33901
Telephone: (239) 791-3900
Fax: (239) 791-3901
*Attorney for Defendants, Jose Baserva and J&B PB, LLC*
*Available for service via CM/ECF*