## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### Fort Myers Division

| | |
|---|---|
| **VIVID ENTERTAINMENT, LLC, a California limited liability company,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSE BASERVA, an individual, J&B PB, LLC, a Florida limited liability company, VIVID, LLC, a Florida limited liability company, and ANTHONY McCARTY, an individual,**<br><br>Defendants. | **Case No. 13-cv-00524-JES-DNF**<br><br>**TRADEMARK INFRINGEMENT CASE**<br><br>**JURY TRIAL DEMANDED** |

### AMENDED COMPLAINT

Plaintiff, Vivid Entertainment, LLC  ("Plaintiff"), hereby sues Defendants, J&B PB, LLC ("J&B"), Jose Baserva ("Baserva"), Vivid, LLC ("VCN Company"), and Anthony McCarty ("McCarty") (collectively hereinafter referred to as, the "Defendants"), and alleges the following:

### Parties, Jurisdiction and Venue

1.      Plaintiff, Vivid Entertainment, LLC, is a limited liability company, organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California.

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

2.      Defendant, J&B, is an inactive, administratively-dissolved, limited liability company, that at all material times hereto was, organized and existing under the laws of the State of Florida, with its principal place of business in Fort Myers, Florida.

3.      Defendant, Baserva, is a resident of Fort Myers, Florida, over the age of majority, and is otherwise *sui juris*.

4.      Defendant, VCN Company, is a limited liability company, organized and existing under the laws of the State of Florida, with its principal place of business in Palm Bay, Florida.

5.      Defendant, McCarty, is a resident of Palm Bay, Florida, over the age of majority, and is otherwise *sui juris*.

6.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 (diversity) because complete diversity exists between Plaintiff and at least one Defendant, J&B, Baserva, VCN Company, and/or McCarty, and the amount in controversy exceeds $75,000.00, exclusive of interests, costs and fees.

7.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) because this is a civil action for trademark infringement arising under the laws of the United States, specifically 15 U.S.C. §§ 1114, 1125(a), and 1125(d).

8.      Supplemental jurisdiction exists over all claims pursuant to 28 U.S.C. § 1367.

9.      This Court has personal jurisdiction over Defendants, and venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because Defendants have committed, and

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

continue to commit, acts of infringement in the State of Florida, including in this district,

because J&B and VCN Company are headquartered in this district, and because Baserva and

McCarty reside in this district.

10.     All conditions precedent to bringing the instant action have occurred, been

performed, and/or have otherwise been excused, satisfied, or waived.

11.     Plaintiff has retained the undersigned counsel and is required to pay all costs

and reasonable attorneys' fees in prosecution of its rights against Defendants in this action.

**Facts Common to All Counts**

Plaintiff's Trademarks

12.     Plaintiff is one of the world's largest producers of high quality adult

entertainment.

13.     To identify to its customers its high quality entertainment products, Plaintiff

(and/or its predecessor in interest: Vivid Video, Inc.) registered the trademark "VIVID"

("Plaintiff's Trademark") with the United States Patent and Trademark Office (the

"USPTO") for several different products and services, including but not limited to

Trademark Registration No. 2,415,035 for On-line Websites and Registration No. 2,475,741

for Night Club Services.

14.     On December 26, 2000, the USPTO issued Plaintiff's predecessor in interest,

Vivid Video, Inc., Plaintiff's Trademark for On-line Websites, Registration No. 2,415,035.

A copy of the Certificate of Registration is attached hereto as Exhibit "1."

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

15.     On August 7, 2001, the USPTO issued Plaintiff's predecessor in interest, Vivid Video, Inc., Plaintiff's Trademark for Night Club Services, Registration Number 2,475,741.  A copy of Vivid Video, Inc.'s Certificate of Registration is attached hereto as Exhibit "2."

16.     On August 30, 2007, Vivid Video, Inc. assigned Plaintiff's Trademark for Night Club Services to Plaintiff under a Nunc Pro Tunc assignment effective July 26, 2002. A copy of the Certificate of Registration is attached hereto as Exhibit "3."

17.     On August 30, 2007, Vivid Video, Inc. assigned Plaintiff's Trademark for On-line Websites to Plaintiff under a Nunc Pro Tunc assignment effective July 26, 2002.  A copy of the Certificate of Registration is attached hereto as Exhibit "4."

18.     Plaintiff sells and distributes a broad line of goods bearing Plaintiff's Trademarks as a means of identifying its products and notify customers as to its products' origin and quality.

19.     Plaintiff's products, bearing Plaintiff's Trademarks, are distributed worldwide on DVD, pay-per-view and video-on-demand cable and satellite television, over the Internet, and via wireless programs.

20.     Plaintiff owns over three-hundred and fifty (350) domain names which include Plaintiff's Trademarks, including but not limited to vivid.com, the address of Plaintiff's main website which prominently features the Plaintiff's Trademarks, as well as copyrighted photographs and audiovisual works.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

21. Plaintiff's Trademarks are famous; Plaintiff's Trademark have established wide recognition and goodwill with the general consuming public as one of the world's largest producers of high quality erotic and adult entertainment, and acquired a special significance in the adult entertainment industry through its goods and services.

22. Plaintiff's Trademarks are inherently distinctive; the general consuming public associate Plaintiff's Trademarks with the goods and services of Plaintiff and high quality erotic and adult entertainment.

23. Plaintiff has granted licenses to use Plaintiff's Trademarks for nightclubs, including: (i) the operation of a nightclub named "Vivid" at the Grand Canal Shoppe at The Venetian Resort Hotel Casino, Las Vegas Nevada, (ii) nightclubs in New York City, New York and Los Angeles, California under the name "Vivid Cabaret", (iii) a nightclub in Mooresville, Charlotte, North Carolina under the name "Vivid's Gentleman's Club," and (iv) a nightclub in Miami-Dade County, Florida, named the "Vivid Live Gentlemen's Club."

24. Plaintiff markets Plaintiff's Trademarks in connection with nightclub services by hosting "Vivid" nightclub events throughout the United States.

<u>Defendants' Acts</u>

25. In or about April 2011, J&B began using and imitating Plaintiff's Trademarks in the operation of "Vivid Cabaret" nightclub located at 2586 Palm Bay Rd., Palm Bay, Florida 32905 ("<u>Vivid Cabaret Nightclub</u>"), and in promotion and adverting of its goods or services.

26. Baserva is the sole owner and shareholder of J&B.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

27.     Baserva is the registered owner of domain name <vividcabaret.com> ("Infringing Domain Name"). A copy of the WHOIS search report is attached hereto as Exhibit "5." [1] Baserva is using or imitating Plaintiff's Trademarks with the Infringing Domain Name.

28.     In or about April 2011, J&B and Baserva began using or imitating Plaintiff's Trademarks on www.vividcabaret.com ("Infringing Website") to promote and advertise Vivid Cabaret Nightclub and its goods and services.

29.     On October 19, 2011, J&B sold the all of the assets of Vivid Cabaret Nightclub to VCN Company. A copy of the Bill of Sale was produced in the course of discovery.

30.     McCarty is the sole owner and shareholder of VCN Company.

31.     From April 2011 through October 19, 2011, Baserva and J&B used and imitated Plaintiff's Trademarks in the operation of Vivid Cabaret Nightclub, and in the promotion, advertisement, and sale of its goods and services and commercially gained from the sale of Vivid Cabaret Nightclub.

32.     From October 19, 2011 to the present, Baserva and J&B has and continues to use and imitate Plaintiff's Trademarks on the Infringing Domain Name and the Infringing Website and, upon information and belief, are commercially gaining from the continued

---

[1] This report is a publicly available report that identifies the owners and registrants of domain names.

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

advertisement and promotion of the Infringing Website, the Infringing Domain Name and/or Vivid Cabaret Nightclub.

33.     On December 4, 2012, Plaintiff sent a cease and desist letter to VCN Company demanding that VCN Company discontinue use of Plaintiff's Trademarks in connection with the operation of Vivid Cabaret Nightclub.  A copy of said cease and desist letter is attached hereto as Exhibit "6."

34.     On December 13, 2012, VCN Company confirmed that it purchased Vivid Cabaret Nightclub on or about December 2011 from J&B.  A copy of the letter from VCN Company is attached hereto as Exhibit "7."

35.     On May 10, 2013 VCN Company agreed to cease using and imitating Plaintiff's Trademarks in the operation of Vivid Cabaret Nightclub, and in all advertising, promotion and marketing for Vivid Cabaret Nightclub. A copy of the Agreement is attached and incorporated herein as Exhibit "8."

36.     However, VCN Company did not cease using or imitating Plaintiff's Trademarks in the operation of Vivid Cabaret Nightclub.

37.     From November 2011 to the present, VCN Company has used and continues to use and imitate Plaintiff's Trademarks in the operation of Vivid Cabaret Nightclub.

38.     On April 10, 2013, Plaintiff sent J&B and Baserva a cease and desist letter demanding that they discontinue use of Plaintiff's Trademarks on the Infringing Website and to take immediate steps to transfer the Infringing Domain Name to Plaintiff.  A copy of said cease and desist letter is attached hereto as Exhibit "9."

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

39.     On April 10, 2013, Baserva responded to Plaintiff's cease and desist letter and admitted to registering the Infringing Domain Name to market and advertise Vivid Cabaret Nightclub.  A copy of Baserva's e-mail to Plaintiff is attached hereto as <u>Exhibit "10</u>."

40.     Defendants are using or imitating Plaintiff's Trademarks on social media websites, including but not limited to Facebook,[2] to promote and advertise Vivid Cabaret Nightclub and its goods and services.

41.     On April 23, 2013, Baserva filed a trademark application for the mark "Vivid Cabaret," for nightclubs, namely adult entertainment services, (the "<u>Trademark Application</u>") and submitted a specimen with Trademark Application that he is currently using the mark "Vivid Cabaret" at Vivid Cabaret Nightclub.  A copy of the Trademark Application specimen is attached hereto as <u>Exhibit "11</u>."

42.     Baserva is using and imitating Plaintiff's Trademarks on the Trademark Application.

43.     On February 14, 2014, the USPTO refused to act on Baserva's Trademark Application and refused his proposed mark "Vivid Cabaret" because of its likelihood of confusion with Plaintiff's Trademarks. On February 24, 2014, the USPTO suspended Baserva's Trademark Application based upon the instant action. Copies of the USPTO decisions are attached hereto as composite <u>Exhibit "12</u>."

---

[2] https://www.facebook.com/pages/Vivid-Cabaret/204559512968484; and https://www.facebook.com/pages/Vivid-Cabaret-Palm-Bay-Road/160264244017804. *See also*, Baserva's Trademark Application specimen, Ex. 10, *supra*.

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

44.     Upon information and belief, Defendants plan on opening and operating other adult entertainment nightclubs, in addition to Vivid Cabaret Nightclub, using and imitating Plaintiff's Trademarks.

45.     Defendants are not now, nor have they ever been, affiliated, associated, or connected with Plaintiff.

### COUNT I
### INFRINGEMENT OF REGISTERED TRADEMARKS – 15 U.S.C. § 1114
### (J&B, Baserva, and VCN Company)

46.     Plaintiff adopts and re-alleges paragraphs 1-45 as if fully set forth herein.

47.     Plaintiff's Trademarks for Night Club Services and On-line Websites are validly registered to Plaintiff with the USPTO.

48.     Plaintiff's Trademarks are recognized in erotic and adult entertainment to the general consuming public as signifying a product or producer of high quality goods and services.

49.     J&B, Baserva, and VCN Company are using and imitating Plaintiff's Trademarks, as described above, in the same trade area as Plaintiff, erotic and adult entertainment goods or services, websites and nightclubs.

50.     J&B, Baserva, and VCN Company are using and imitating Plaintiff's Trademarks without Plaintiff's consent.

51.     J&B, Baserva, and VCN Company's use and imitation of Plaintiff's Trademarks constitutes use in commerce.

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

52. J&B, Baserva, and VCN Company's use and imitation of Plaintiff's Trademarks is likely to cause confusion, mistake or deceive ordinary customers into believing that they are in some way affiliated, associated, or connected to Plaintiff as both are engaged in adult entertainment goods, services, websites and nightclubs.

53. J&B, Baserva, and VCN Company are using and imitating Plaintiff's Trademarks with knowledge that such use will cause confusion, mistake or deceive ordinary customers into believing that they are in some way affiliated, associated, or connected to Plaintiff.

54. Plaintiff has been damaged as a direct and proximate cause of J&B, Baserva, and VCN Company's infringement. J&B, Baserva, and VCN Company are, thus, liable to Plaintiff in an amount that adequately compensates it for their infringement, plus their profits, treble damages in the amount of three times such profits, Plaintiff's damages, and reasonable attorneys' fees, together with interest and costs, pursuant to 15 U.S.C § 1117.

55. J&B, Baserva, and VCN Company's use and imitation of Plaintiff's Trademarks will continue unless enjoined by this Court pursuant to 15 U.S.C § 1116.

**COUNT II**
**USE OF FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(a)**
**(J&B, Baserva, and VCN Company)**

56. Plaintiff adopts and re-alleges paragraphs 1-45 as if fully set forth herein.

57. Plaintiff's Trademarks for Night Club Services and On-line Websites are validly registered to Plaintiff with the USPTO.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

58.    Plaintiff's Trademarks are recognized in erotic and adult entertainment to the general consuming public as signifying a product or producer of high quality goods and services.

59.    J&B, Baserva, and VCN Company are using or imitating Plaintiff's Trademarks, as described above, in the same trade area as Plaintiff, erotic and adult entertainment goods or services, websites and nightclubs.

60.    J&B, Baserva, and VCN Company are using or imitating Plaintiff's Trademarks without Plaintiff's consent.

61.    J&B, Baserva, and VCN Company's use or imitation of Plaintiff's Trademarks is deceptive and/or has a tendency to cause confusion, mistake or to deceive ordinary customers, and is likely to cause ordinary customers into believing that they are in some way affiliated, associated, or connected to Plaintiff as both are engaged adult entertainment goods, services, websites and nightclubs.

62.    J&B, Baserva, and VCN Company's use or imitation of Plaintiff's Trademarks is a false designation of the goods' or services' origin, sponsorship or approval and misrepresents to ordinary consumers that they are in some way affiliated, associated, or connected to Plaintiff.

63.    J&B, Baserva, and VCN Company are intentionally using or imitating Plaintiff's Trademarks with the intent of causing confusion, mistake and/or to deceive ordinary customers into believing that they are in some way affiliated, associated, or

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

connected to Plaintiff in order to unfairly trade upon Plaintiff's wide recognition and goodwill for their own commercial gain.

64.     Plaintiff has been damaged as a direct and proximate cause of J&B, Baserva, and VCN Company's infringement. J&B, Baserva, and VCN Company are, thus, liable to Plaintiff in an amount that adequately compensates it for their infringement, plus their profits, treble damages in the amount of three times such profits, Plaintiff's damages, and reasonable attorneys' fees, together with interest and costs, pursuant to 15 U.S.C § 1117.

65.     J&B, Baserva, and VCN Company's use and imitation of Plaintiff's Trademarks will continue unless enjoined by this Court pursuant to 15 U.S.C § 1116.

**COUNT III**
**CYBERSQUATTING – 15 U.S.C. § 1125(d)**
**(Baserva)**

66.     Plaintiff adopts and re-alleges paragraphs 1-45 as if fully set forth herein.

67.     Plaintiff's Trademark for On-line Websites is validly registered to Plaintiff with the USPTO.

68.     Plaintiff's Trademark for On-line Websites is distinctive and famous.

69.     Baserva registered and is using the Infringing Domain Name and Infringing Website that are identical and/or confusingly similar to Plaintiff's Trademark for On-line Websites in the same trade area as Plaintiff: erotic and adult entertainment websites and nightclubs.

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

70.    Baserva registered or acquired the Infringing Domain Name and activated the Infringing Website, which Baserva knew or should have known were identical and/or confusingly similar to Plaintiff's Trademark.

71.    Plaintiff's Trademark was registered with USPTO at the time Baserva registered the Infringing Domain Name and activated the Infringing Website using Plaintiff's Trademark.

72.    Baserva registered, trafficked, and/or is using the Infringing Doman Name and Infringing Website in bad faith and with intent to profit from Plaintiff's wide recognition and goodwill that it has established as one of the world's largest producers of high quality erotic and adult entertainment.

73.    Baserva registered, trafficked, and/or is using the Infringing Doman Name and Infringing Website in bad faith and with intent to cause confusion, mistake or deceive ordinary customers into believing that Defendants are in some way affiliated, associated, or connected to Plaintiff in order to unfairly trade upon Plaintiff's wide recognition and goodwill for his own commercial gain.

74.    Plaintiff cannot ascertain the full extent of legal damages caused by Baserva's cybersquatting. Consequently, Plaintiff has no adequate remedy at law and Plaintiff is entitled to the forfeiture of the domain name and transfer of the domain name to Plaintiff (pursuant to 15 USC § 1125(d)).

## COUNT IV
## INFRINGEMENT OF REGISTERED TRADEMARK – FLA. STAT. § 495.131

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

**(J&B, Baserva, and VCN Company)**

75.     Plaintiff adopts and re-alleges paragraphs 1-45 as if fully set forth herein.

76.     Plaintiff's Trademarks for Night Club Services and On-line Websites are validly registered to Plaintiff with the USPTO.

77.     Plaintiff's Trademarks are recognized in erotic and adult entertainment to the general consuming public as signifying a product or producer of high quality goods and services.

78.     J&B, Baserva, and VCN Company are using or imitating Plaintiff's Trademarks, as described above, in the same trade area as Plaintiff, erotic and adult entertainment goods or services, websites and nightclubs.

79.     J&B, Baserva, and VCN Company are using or imitating Plaintiff's Trademarks without Plaintiff's consent.

80.     J&B, Baserva, and VCN Company's use or imitation of Plaintiff's Trademarks constitutes use in commerce.

81.     J&B, Baserva, and VCN Company's use or imitation of Plaintiff's Trademarks is likely to cause confusion, mistake or deceive ordinary customers into believing that they are in some way affiliated, associated, or connected to Plaintiff as both are engaged in adult entertainment goods, services, websites and nightclubs.

82.     J&B, Baserva, and VCN Company are using or imitating Plaintiff's Trademarks with knowledge that such use will cause confusion, mistake or deceive ordinary customers into believing that they are in some way affiliated, associated, or connected to

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

Plaintiff in order to unfairly trade upon Plaintiff's wide recognition and goodwill for their own commercial gain.

83.    Plaintiff has been damaged as a direct and proximate cause of J&B, Baserva, and VCN Company's infringement described above. J&B, Baserva, and VCN Company are, thus, liable to Plaintiff in an amount that adequately compensates it for their infringement, plus their profits, treble damages in the amount of three times such profits, Plaintiff's damages, and reasonable attorneys' fees, together with interest and costs, pursuant to Fla. Stat. § 495.141.

84.    J&B, Baserva, and VCN Company's use and imitation of Plaintiff's Trademarks will continue unless enjoined by this Court pursuant to Fla. Stat. § 495.141.

**COUNT V**
**DECEPTIVE AND UNFAIR TRADE PRACTICES – FLA. STAT. §
501.201,** *et seq.*
**(J&B, Baserva, and VCN Company)**

85.    Plaintiff adopts and re-alleges paragraphs 1-45 as if fully set forth herein.

86.    Plaintiff's Trademarks are recognized in erotic and adult entertainment to the general consuming public as signifying a product or producer of high quality goods and services.

87.    J&B, Baserva, and VCN Company are using or imitating Plaintiff's Trademarks, as described above, in the same trade area as Plaintiff, erotic and adult entertainment goods or services, websites and nightclubs.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

88.   J&B, Baserva, and VCN Company are using or imitating Plaintiff's Trademarks without Plaintiff's consent.

89.   J&B, Baserva, and VCN Company's use and imitation of Plaintiff's Trademarks is deceptive and it is likely, or inevitable, that ordinary customers will believe that they are in some way affiliated, associated, or connected to Plaintiff as both are engaged in adult entertainment goods, services, websites and nightclubs.

90.   J&B, Baserva, and VCN Company's use or imitation of Plaintiff's Trademarks is a false designation of the goods' or services' origin, sponsorship or approval and misrepresents to ordinary consumers that they are in some way affiliated, associated, or connected to Plaintiff.

91.   J&B, Baserva, and VCN Company are intentionally using or imitating Plaintiff's Trademarks to deceive ordinary customers into believing that they are in some way affiliated, associated, or connected to Plaintiff in order to unfairly trade upon Plaintiff's wide recognition and goodwill for their own commercial gain.

92.   J&B, Baserva, and VCN Company knew or should have known that their use or imitation of Plaintiff's Trademarks would deceive ordinary customers into believing that they are in some way affiliated, associated, or connected to Plaintiff.

93.   Plaintiff has been damaged as a direct and proximate cause of J&B, Baserva, and VCN Company's practices described above. J&B, Baserva, and VCN Company are, thus, liable to Plaintiff in an amount that adequately compensates it for practices, Plaintiff's commercial damages in lost sales and licensing fees, plus a civil penalty pursuant to Fla. Stat.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

§ 501.2075 and Plaintiff's reasonable attorneys' fees, together with interest and costs, pursuant to Fla. Stat. §§ 501.2105 and 501.2075.

94.     J&B, Baserva, and VCN Company's use and imitation of Plaintiff's Trademarks will continue unless enjoined by this Court pursuant to Fla. Stat. §§ 501.207(b) and 501.211.

**COUNT VI**
**UNFAIR COMPETITION – FLORIDA COMMON LAW**
**(J&B, Baserva, and VCN Company)**

95.     Plaintiff adopts and re-alleges paragraphs 1-45 as if fully set forth herein.

96.     Plaintiff's Trademarks are recognized in erotic and adult entertainment to the general consuming public as signifying a product or producer of high quality goods and services.

97.     J&B, Baserva, and VCN Company are using or imitating Plaintiff's Trademarks, as described above, in the same trade area as Plaintiff, erotic and adult entertainment goods or services, websites and nightclubs.

98.     J&B, Baserva, and VCN Company's use and imitation of Plaintiff's Trademarks is deceptive and it is likely, or inevitable, that ordinary customers will believe that they are in some way affiliated, associated, or connected to Plaintiff, or that their goods or services have an origin or sponsorship with Plaintiff.

99.     J&B, Baserva, and VCN Company are intentionally using or imitating Plaintiff's Trademarks to deceive ordinary customers into believing that they are in some

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

way affiliated, associated, or connected to Plaintiff in order to unfairly trade upon Plaintiff's wide recognition and goodwill for their own commercial gain.

100.    J&B, Baserva, and VCN Company are engaged in unfair practices and unfair methods of competition by using and imitating Plaintiff's Trademarks with knowledge that such use will cause confusion, mistake or deceive ordinary customers into believing that they are in some way affiliated, associated, or connected to Plaintiff.

101.    Plaintiff has been damaged as a direct and proximate cause of J&B, Baserva, and VCN Company's practices described above. J&B, Baserva, and VCN Company are, thus, liable to Plaintiff in an amount that adequately compensates it for competition, Plaintiff's commercial damages in lost sales and licensing fees.

**COUNT VII**
**CIVIL CONSPIRACY**
**(Baserva and McCarty)**

102.    Plaintiff adopts and re-alleges paragraphs 1-45 as if fully set forth herein.

103.    Baserva and McCarty conspired to misappropriate and infringe Plaintiff's Trademarks and fraudulently obtain forbearance from Plaintiff from the protection and enforcement of Plaintiff's Trademarks.

104.    Baserva and McCarty conspired to continue operating Vivid Cabaret Nightclub, the Infringing Domain Name, and the Infringing Website, commercially gaining during the interim.

105.    In pursuance of the conspiracy, McCarty negotiated the terms of the Agreement between Plaintiff and VCN Company.

Page 18 of 25

106.    In pursuance of the conspiracy, Baserva made an offer to Plaintiff to assist or facilitate VCN Company's discontinuance of Plaintiff's Trademarks.

107.    In pursuance of the conspiracy, Baserva submitted his Trademark Application.

108.    In pursuance of the conspiracy, upon information and belief, Baserva and McCarty have taken action to open and operate other adult entertainment nightclubs, in addition to Vivid Cabaret Nightclub, using and imitating Plaintiff's Trademarks.

109.    In pursuance of the conspiracy, Baserva and McCarty continue to use and imitate Plaintiff's Trademarks on the Infringing Domain Name, the Infringing Website, and the operation, advertisement and promotion of Vivid Cabaret Nightclub, and are commercially gaining from such.

110.    Plaintiff has been damaged as a result of J&B, Baserva, VCN Company and McCarty's acts performed pursuant to the conspiracy; Plaintiff entered into the Agreement, and deferred protection and enforcement of Plaintiff's Trademarks.

## COUNT VIII
## BREACH OF CONTRACT
### (VCN Company)

111.    Plaintiff adopts and re-alleges paragraphs 1-45 as if fully set forth herein.

112.    On May 10, 2013, Plaintiff and VCN Company entered into a valid and written contract, the Agreement.

113.    Pursuant to the Agreement, within thirty (30) days VCN Company was required to place a prominent notice on all internet advertising, promotion and marketing for

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

Vivid Cabaret Nightclub identifying a forthcoming change of trade name, such as "Coming Soon."

114. Pursuant to the Agreement, within ninety (90) days VCN Company was required to discontinue use of Plaintiff's Trademarks and any term confusingly similar, on all internet advertising, promotion and marketing for Vivid Cabaret Nightclub.

115. Pursuant to the Agreement, within ninety (90) days VCN Company was required to discontinue all use of the Plaintiff's Trademarks and any term confusingly similar for any nightclub or bar, specifically gentleman's clubs, including, but not limited to Vivid Cabaret Nightclub.

116. VCN Company's discontinued use(s) of Plaintiff's Trademarks is a material term of the Agreement.

117. VCN Company materially breached the Agreement by failing to timely place a prominent notice on all internet advertising, promotion and marketing for Vivid Cabaret Nightclub, identifying a forthcoming change of trade name, such as "Coming Soon."

118. VCN Company materially breached the Agreement by failing to timely discontinue use of Plaintiff's Trademarks on all internet advertising, promotion and marketing for Vivid Cabaret Nightclub.

119. VCN Company materially breached the Agreement by failing to timely discontinue use of Plaintiff's Trademarks on Vivid Cabaret Nightclub's Facebook page.

120. VCN Company materially breached the Agreement by failing to timely discontinue all use of the Plaintiff's Trademarks at Vivid Cabaret Nightclub.

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

121.    VCN Company materially breached the Agreement by failing to timely remove Plaintiff's Trademarks from Vivid Cabaret Nightclub's large marque sign.

122.    Plaintiff has been damaged as a direct and proximate cause of VCN Company's breaches described herein.

123.    Pursuant to the Agreement, Plaintiff is entitled to its prevailing party attorneys' fees as a result of VCN Company's breach.

## COUNT IX
## FRAUDULENT INDUCEMENT
### (McCarty)

124.    Vivid adopts and re-alleges paragraphs 1-45 as if fully set forth herein.

125.    Upon discovering J&B's sale of Vivid Cabaret Nightclub to VCN Company, Plaintiff sent written correspondence to VCN Company demanding VCN Company cease use of Plaintiff's Trademarks in connection with the operation of Vivid Cabaret Nightclub.

126.    Plaintiff's correspondence was sent as a pre-litigation notification. VCN Company's failure to comply would have resulted in Plaintiff filing action against VCN Company to protect and enforce its rights in Plaintiff's Trademarks.

127.    On May 10, 2013 McCarty, as Manager of VCN Company, stated that VCN Company would cease all use of Plaintiff's Trademarks in the operation of Vivid Cabaret Nightclub within ninety (90) days.

128.    McCarty negotiated language of the Agreement.

129.    VCN Company did not discontinue its use of Plaintiff's Trademarks in the operation of Vivid Cabaret Nightclub.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

130.    McCarty stated that VCN Company would discontinue all use of Plaintiff's Trademarks with knowledge that VCN Company would not do so.

131.    McCarty made such statement to induce Plaintiff to enter into the Agreement and forego filing lawsuit to protect and enforce Plaintiff's Trademarks against VCN Company.

132.    Moreover, at times pertinent to the Agreement, Plaintiff and/or related parties, were engaged in promoting the Vivid-affiliated club in Miami, Florida. Upon information and belief, McCarty knew of the promotional efforts around the opening of this club in Miami, Florida, and was motivated, at least in part, to benefit from such promotions.

133.    As a result of McCarty's false statements, Plaintiff entered into the Agreement and did not file lawsuit against VCN Company when it initially filed claims against Baserva and J&B; McCarty and VCN Company have continued to use, imitate and infringe upon Plaintiff's Trademarks and goodwill, and commercially gaining from same.

134.    Upon information and belief, McCarty is a principal or otherwise enjoys profits and other benefits from the business of VCN Company, and drew an indirect benefit from the business of VCN Company at times pertinent to these claims.

135.    Plaintiff has been irreparably harmed in the interim by McCarty's false statements under the auspices of fraud.

**Prayer for Relief**

Plaintiff, Vivid Entertainment, LLC, hereby requests that this Court find in its favor and against Defendants, and that this Court grant Plaintiff the following relief:

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

a)      Enter judgment that Plaintiff's Trademarks have been infringed literally and/or by the doctrine of equivalents by Defendants;

b)      Enter judgment for Plaintiff on this Complaint;

c)      Enter judgment that Defendants account for and pay Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

d)      Enter judgment that Defendants account for and pay Plaintiff all profits derived by Defendants' infringing activities and other conduct complained of herein pursuant to 15 U.S.C. § 1117 and Florida Statute § 495.141;

e)      Enter judgment that Defendants pay Plaintiff treble damages in the amount of three times Defendants profits derived by Defendants' infringing activities and other conduct complained of herein pursuant to 15 U.S.C. § 1117;

f)      Enter judgment that Defendants pay Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1114(2)(D)(iv); 15 U.S.C. § 1117; Florida Statute § 501.2105; Florida Statute § 495.141; and the Agreement.

g)      Enter judgment that Defendants pay pre-judgment and post-judgment interest on any award;

h)      Enter a permanent injunction enjoining Defendants and their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendants, and each of them, from: (a) using the trademark VIVID or any colorable imitation thereof; (b) using any trademark that imitates or

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

is confusingly similar to or in anyway similar to the trademark VIVID or that is likely to cause confusion, mistake, deception or public misunderstanding as to the origin of Plaintiff's products, services or their connectedness to Defendants;

      i)      Enter a permanent injunction enjoining Defendants from (i) using the domain name <vividcabaret.com> or any colorable imitation thereof; and (ii) be ordered to notify in writing and direct to all publishers of directories or lists, including internet search engines, in which Defendant's use of the domain name <vividcabaret.com> or the trademark VIVID appears, to delete all references to these names from their public databases, search engine directories, directory assistance and from all future directories in which said name is to appear, and to delete all forwarding or "cache memory" or storage mechanisms referencing such name;

      j)      Directing Defendants to transfer to Plaintiff the domain name registration for <vividcabaret.com> pursuant to 15 USC § 1125(d);

      k)      Directing Defendants to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendant bearing a trademark found to infringe Plaintiff's trademark VIVID rights, as well as all plates, matrices, and other means of making the same pursuant to 15 U.S.C. § 1118;

      l)      Directing Defendants to file with the Court and serve on Plaintiff within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Injunction;

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086

m)      Directing Defendants to immediately notify in writing and direct all publications in which any advertisements or other references to Defendants' business are scheduled to appear to cancel all advertisements and references using Plaintiff's Trademarks; and

n)      Granting any such and other further relief as this Court deems just and proper.

### Jury Demand

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  April 18, 2014                          Respectfully submitted,

/s/  *Paul D. Turner*_____
Paul D. Turner, Esq. (0113743)
pturner@pbyalaw.com
Joshua B. Spector, Esq. (0584142)
jspector@pbyalaw.com
Joey M. Lampert, Esq. (72570)
jlampert@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI &
ALBRIGHT, P.L.
200 South Andrews Ave. Suite 600
Ft. Lauderdale, FL 33301
Telephone: (954) 566-7117
Facsimile: (954) 566-7115
Attorneys for Vivid Entertainment, LLC

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
1000 Brickell Avenue, Suite 600, Miami, Florida 33131 • (305) 377-0086