UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VIVID ENTERTAINMENT, LLC, a
California          limited
liability company,

       Plaintiff,

v.                              Case No: 2:13-cv-524-FtM-29DNF

J&B  PB,  LLC,  a  Florida
limited  liability  company,
JOSE   BASERVA,   ANTHONY
MCCARTY, an individual, and
VIVID,  LLC,  a  Florida
limited liability company,

       Defendants.

_____

**OPINION AND ORDER**

    This matter comes before the Court on plaintiff's Motion for
Final Judgment After Default Against Defendants J&B PB, LLC; Vivid,
LLC; and Anthony McCarty (Doc. #99) filed on October 3, 2014.
Neither defendant J&B PB, LLC nor defendant Vivid, LLC appeared or
responded to the motion.  Defendant Anthony McCarty appeared and
sought an extension of time to respond, however the deadline to
respond has expired, see Doc. #124, and no response was filed.
The motion is now ripe for consideration.

    **I.   Procedural Background**

    On July 15, 2013, Vivid Entertainment, LLC (plaintiff or Vivid
Entm't) initiated a Complaint (Doc. #1) against J&B PB, LLC (J&B)
and Jose Baserva (Baserva) alleging trademark infringement, use of

false designation of origin, cybersquatting, and state law claims. Defendants appeared and filed an Answer, Affirmative Defenses and Counterclaim (Doc. #26), an Amended Answer, Affirmative Defenses, Counterclaims (Doc. #31), and a Second Amended Answer, Affirmative Defenses, Counterclaims (Doc. #35).  On May 6, 2014, plaintiff filed an Amended Complaint (Doc. #45) adding Vivid, LLC (Vivid) and Anthony McCarty (McCarty) as defendants and adding additional state claims.

Defendants J&B and Baserva appeared and filed an Answer to Amended Complaint (Doc. #50) and adopted their previously filed Affirmative Defenses and Counterclaims.  After proper service of process, Vivid and McCarty both failed to appear and respond to the Amended Complaint, and upon appropriate motions, a Clerk's Entry of Default (Docs. ## 60, 70) was issued against Vivid and against McCarty.

On July 24, 2014, the Court permitted counsel for J&B and Baserva to withdraw, but required J&B to acquire new counsel within 30 days.  (Doc. #67.)  An extension of time to secure new counsel for J&B was denied, Doc. #86, and upon failing to timely secure new counsel, the Clerk was directed to enter a default against J&B.  On September 19, 2014, a Clerk's Entry of Default (Doc. #92) was issued against J&B.  Defendant Baserva is proceeding *pro se* and is not in default or subject to the instant Motion for Final Judgment.  (See Docs. ## 80, 86.)

- 2 -

On August 27, 2014, McCarty filed a Response to Motion for Default (Doc. #81) stating that service of process was improper, and that he and Vivid should be permitted to appear and defend. McCarty did not file a motion to set aside or vacate the Clerk's default against him or Vivid, or file anything further to set aside or vacate the defaults.  Plaintiff did file a Response (Doc. #85) in opposition, however no further action took place on the defaults.

On October 24, 2014, McCarty filed a Motion for Extension of Time (Doc. #106) to respond to the Motion for Final Judgment, which was opposed, Doc. #110.  On December 8, 2014, the request was granted and McCarty was permitted an additional 14 days to respond. That deadline has now expired and McCarty did not file a response.

As the default against McCarty remains in place, the Court will proceed and consider the Motion for Final Judgment against J&B, Vivid, and McCarty.  The Court finds that plaintiff has fulfilled the necessary prerequisite for a default judgment against all three defendants pursuant to Fed. R. Civ. P. 55(a).

## II.  Factual Basis

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [

] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." <u>Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.</u>, 561 F.3d 1298, 1307 (11th Cir. 2009)(internal quotations and citations omitted).

Plaintiff is the world's largest producer of adult entertainment. Plaintiff's predecessor, Vivid Video, Inc., registered the trademark VIVID with the United States Patent and Trademark Office for several different products and services, including for online websites and night club services. On December 26, 2000, plaintiff's predecessor was issued Registration No. 2,415,035, for the websites and on August 7, 2001, plaintiff's predecessor was issued Registration No. 2,475,741, for night club services (collectively the Trademarks). On August 30, 2007, Vivid Video, Inc. assigned the Trademarks to plaintiff under a Nunc Pro Tunc assignment effective July 26, 2002.

Plaintiff sells and distributes goods bearing the Trademarks, and plaintiff's products are famous, recognized, and distributed worldwide. Plaintiff owns over 350 domain names, which include the Trademarks prominently displayed. The Trademarks are distinctive, and the public associates the Trademarks with the goods and services of plaintiff and high quality erotic and adult entertainment. Plaintiff has granted licenses to use the Trademarks for nightclubs in Las Vegas, Nevada (Vivid), New York,

NY and Los Angeles, CA (Vivid Cabaret), Charlotte, NC (Vivid's Gentleman's Club, and Miami-Dade County, FL (Vivid Live Gentlemen's Club).

In or about April 2011, J&B began using and imitating the Trademarks in the operation and promotion of Vivid Cabaret Nightclub in Palm Bay, Florida, and Baserva began using or imitating the Trademarks on vividcabaret.com to promote Vivid Cabaret Nightclub. Baserva is the sole owner of J&B and is the registered owner of the domain name vividcabaret.com. From April 2011 through October 19, 2011, J&B used and imitated the Trademarks in the operation and promotion of Vivid Cabaret Nightclub. Even after selling Vivid Cabaret Nightclub, J&B continues through the present to use and imitate the Trademarks and infringing domain name and website vividcabaret.com.

On October 19, 2011, J&B sold the assets of Vivid Cabaret Nightclub to Vivid, of which McCarty is the sole owner. On December 4, 2012, plaintiff sent a cease and desist letter to Vivid, and on May 10, 2013, Vivid signed an Agreement agreeing to cease using and imitating the Trademarks. However, from November 2011 to the present, Vivid has used and continues to use and imitate the Trademarks in the operation of Vivid Cabaret Nightclub.

On April 10, 2013, plaintiff sent J&B a cease and desist letter demanding it discontinue use of the Trademarks and to transfer the vividcabaret.com domain name to plaintiff. Baserva

responded and admitted to registering the domain name, and defendants are using the Trademarks on social media to promote Vivid Cabaret Nightclub.   On April 23, 2013, Baserva filed a trademark application for Vivid Cabaret, however in February 2014, the application was refused because of the likelihood of confusion and suspended based on the pendency of this action.   Upon information and belief, defendants plan on opening and operating other adult entertainment nightclubs using and imitating the Trademarks.

Count I alleges infringement of registered trademarks by J&B and Vivid[1] under the Lanham Act, 15 U.S.C. § 1114, and Count II alleges the use of false designation of origin by J&B and Vivid under the Lanham Act, 15 U.S.C. § 1125(a).   Count IV alleges infringement of registered trademarks by J&B and Vivid under Florida Statute § 495.131.   Count V alleges a violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, et seq., by J&B and Vivid, Count VI asserts a common law claim of unfair competition against J&B and Vivid. Count VII asserts common law civil conspiracy against McCarty (and Baserva).   Count VIII asserts a breach of the Agreement by Vivid, and lastly, Count IX alleges fraudulent inducement by McCarty.

---

[1] Baserva is also named in Count I and is the only defendant named in Count III.   As Baserva is not in default, the Court has excluded him from Count I and Count III is not referenced herein.

### III. Default Judgment

Plaintiff seeks a default judgment against J&B and Vivid for infringement and the false designation of origin, along with the state claims, and against McCarty for conspiracy and fraudulent inducement based on the well pled allegations in the Amended Complaint, and the docket.  The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

In addition to previously filed documents, plaintiff submits the Expert Report of Michael A. Einhorn, Ph.D. on Behalf of Plaintiff (Doc. #99-1, Exh. 1), an economist working in the area of media and intellectual property, as the valuation of actual damages and defendant revenues.  Plaintiff also submits the Affidavit of Joshua Spector, Esq. (Doc. #99-2, Exh. 2), an attorney with the firm representing plaintiff, to show the continuing use of Vivid Cabaret and vividcabaret.com on social media.

### A. J&B and Vivid

"[I]n order to prevail on a trademark infringement claim, a plaintiff must show that its mark was used in commerce by the defendant without the registrant's consent and that the unauthorized use was likely to deceive, cause confusion, or result in mistake.  McDonald's Corp. v. Robertson, 147 F.3d 1301, 1307 (11th Cir. 1998).  For a false designation of origin claim, "plaintiff must establish that the defendant adopted a mark

confusingly similar to the plaintiff's mark such that there was a likelihood of confusion as to the origin of the goods." Ross Bicycles, Inc. v. Cycles USA, Inc., 765 F.2d 1502, 1503 (11th Cir. 1985) (citing Conagra, Inc. v. Singleton, 743 F.2d 1508, 1512 (11th Cir.1984)). "The likelihood of confusion test applies to both causes under the Lanham Act-infringement and false designation of origin." Caliber Auto. Liquidators, Inc. v. Premier Chrysler, Jeep, Dodge, LLC, 605 F.3d 931, 935 n.16 (11th Cir. 2010)(citations omitted).

If plaintiff establishes a likelihood of confusion as to Count I for infringement, this will also be determinative of the Florida state law claims for infringement, common law unfair competition, and FDUTPA in to Counts IV, V, and VI. Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc., 508 F.3d 641, 652-653 (11th Cir. 2007). The Court finds that the well pled allegations in the Amended Complaint, as summarized above, and set forth in paragraphs 47-54, 57-64, 76-83, 86-93, and 96-101, establish a likelihood of confusion and support a default judgment in favor of plaintiff as to Counts I, II, IV, V, and VI against J&B and Vivid.

Plaintiff also asserts a breach of contract claim in Count VIII against Vivid. Plaintiff presents all the necessary elements for a breach of contract, see Buschman v. Anesthesia Bus. Consultants LLC, No. C-13-1787 EMC, 2014 WL 1911430, at *5 (N.D.

Cal. May 13, 2014)[2] (the elements are a valid contract, plaintiff's performance, defendant's breach, and resulting damages), and the Agreement is attached to the Amended Complaint (Doc. #45-9, Exh. 8). The requisite damages are the same as the actual damages presented under the Lanham Act. Upon review, the Court will also grant a default judgment in favor of plaintiff as to Count VIII against Vivid.

**B. McCarty**

Only two counts pertain to McCarty: Count VII for civil conspiracy and Count IX for fraudulent inducement. In Count VII, plaintiff alleges that McCarty and Baserva conspired to misappropriate and infringe the Trademarks of plaintiff. More specifically, as deemed admitted, plaintiff alleges that McCarty negotiated the terms of the Agreement on behalf of Vivid in furtherance of the conspiracy, and even offered to facilitate and assist with the discontinuance of the Trademarks by Vivid. In furtherance of the conspiracy, McCarty took action to open and operate other nightclubs using the Trademarks and continued use of the Trademarks on the vividcaberet.com domain name and website. Despite plaintiff's argument to the contrary, see Doc. #99, pp.

---

[2] The Agreement has a Governing Law clause: "The Agreement shall be construed and enforced under and in accordance with the laws of the United States and the State of California." (Doc. #45-9, Exh. 8, ¶ 6.) Therefore, the Court applies California law to the Agreement.

15-16, plaintiff does not allege that McCarty conspired to commit cybersquatting, and Baserva is not in default or deemed to have admitted any of the facts.

To establish a conspiracy, plaintiff must show an agreement between two or more parties, to do an unlawful act or to do a lawful act by unlawful means, through an "overt act in pursuance of the conspiracy", and resulting damage.  Charles v. Florida Foreclosure Placement Ctr., LLC, 988 So. 2d 1157, 1160 (Fla. 3d DCA 2008) (citations omitted).  The Court finds that the admitted facts may establish a breached agreement by Vivid resulting in damage, however, Baserva's actions are not deemed admitted and the alleged conspiracy is primarily between McCarty and Vivid. Pursuant to the intracorporate conspiracy doctrine, McCarty cannot conspire with Vivid as McCarty is the sole owner of the company. See Grider v. City of Auburn, Ala., 618 F.3d 1240, 1261 (11th Cir. 2010) ("[t]he intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." (citations and quotation marks omitted)).  Therefore, Count VII will be dismissed without prejudice.

In Count IX, plaintiff alleges that, after J&B's sale of Vivid Cabaret Nightclub to Vivid, plaintiff sent written correspondence to Vivid as pre-litigation notification to stop using its

Trademarks.   On May 10, 2013, McCarty stated that Vivid would cease all use of the Trademarks within 90 days, however Vivid did not discontinue use of the Trademarks and McCarty knew that Vivid would not do so.   McCarty made the statements to induce plaintiff to enter into an agreement and forego filing a lawsuit, and plaintiff did not file suit to enforce its rights as a result of the agreement.   McCarty was at least in part motivated by the benefit of plaintiff's promotional efforts around the opening of its club in Miami, Florida.

To prove fraudulent inducement, plaintiff must show a false statement of material fact, that McCarty knew or should have known was false, and that McCarty made the statement with the intent to induce plaintiff's reliance on the false statement, and that plaintiff justifiably relied on the false statement to its detriment.   Prieto v. Smook, Inc., 97 So. 3d 916, 917 (Fla. 4th DCA 2012).   The Court finds that the facts are sufficiently pled to support a default judgment against McCarty as to Count IX. Plaintiff asks that the Court reserve ruling on the issue of damages.   (Doc. #99, p. 18.)   The Court will defer the entry of judgment as to McCarty and require plaintiff to file a motion as to the amount of damages.

## IV.  Relief

Plaintiff seeks statutory damages under the Lanham Act, permanent injunctive relief, and attorneys' fees.   For damages,

plaintiff seeks $500,000 against J&B and Vivid, respectively, and an additional $50,000 against McCarty for conspiracy.  As stated above, the Court is dismissing the conspiracy claim, therefore the $50,000 as to McCarty will be denied.  Plaintiff also seeks reasonable attorney's fees to be determined at a later date upon a finding of entitlement.

**A. Permanent Injunction**

Upon establishing a violation of infringement and/or false designation of origin, plaintiff is entitled to injunctive relief. 15 U.S.C. § 1116.  "Under traditional equitable principles, a plaintiff seeking a permanent injunction must demonstrate (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction."  Angel Flight of Ga., Inc. v. Angel Flight Am., Inc., 522 F.3d 1200, 1208 (11th Cir. 2008) (citing eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)).  In infringement cases, it is "generally recognized" that there is no adequate remedy at law and that infringement by its very nature causes irreparable harm, Tally-Ho, Inc. v. Coast Cmty. Coll. Dist., 889 F.2d 1018, 1029 (11th Cir. 1989) (quoting Processed Plastic Co. v. Warner Commc'ns, 675 F.2d 852, 858 (7th Cir. 1982)), however

"injunctive relief may issue only in accordance with the principles of equity", N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1227 (11th Cir. 2008)(quoting eBay Inc., 547 U.S. at 393)(internal quotation marks omitted).  Avoiding confusion is a legitimate public interest.  Angel Flight of Ga., Inc., 522 F.3d at 1209.

Considering the well pled admitted facts in this case, coupled with defendants' ongoing and continuing use of the Trademarks through at least September 2014, see Affidavit (Doc. #99-2, Exh. 2), the Court finds that injunctive relief is appropriate.

**B. Statutory Damages**

Upon establishing a violation of infringement and/or false designation of origin, plaintiff is also entitled to recover: "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."  15 U.S.C. § 1117(a).  To obtain profits, plaintiff must only prove defendant's sales and need not demonstrate actual damage.  15 U.S.C. § 1117(a); see also Burger King Corp. v. Mason, 855 F.2d 779, 781 (11th Cir. 1988).  An accounting of "profits is appropriate where: (1) the defendant's conduct was willful and deliberate, (2) the defendant was unjustly enriched, or (3) it is necessary to deter future conduct."  Optimum Technologies, Inc. v. Home Depot U.S.A., Inc., 217 F. App'x 899, 902 (11th Cir. 2007)(citation omitted).  In this case, plaintiff

seeks statutory damages under 15 U.S.C. § 1117(c) and (d), and the same damages as applied to the Florida state law claims.

For the infringement of the Trademarks, plaintiff may elect an award of statutory damages, instead of actual damages and profits,

> in the amount of--
>
> **(1)** not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
>
> **(2)** if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c). For the false designation of origin claim, plaintiff may instead recover "statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just." 15 U.S.C. § 1117(d). To determine damages, the Court may enter judgment for any amount over the amount for actual damages, not to exceed three times the amount, and if the recovery based on profits is "inadequate or excessive", the Court has the discretion to "enter judgment for such sum as the court shall find to be just." 15 U.S.C. § 1117(a).

Based on the assessment of its expert Michael A. Einhorn, Ph.D., plaintiff states that the conservative estimate of actual damages against Vivid would be $35,017, and $10,082 against J&B,

and with treble damages, the total would be $135,297. Plaintiff further submits that revenues for J&B were $336,075, and if extrapolated, Vivid's revenues were at least $1,167,225. Therefore, plaintiff suggests that the statutory award sought is considerably lower than the amounts that could be shown by plaintiff. (Doc. #99, pp. 11-13.) The Court has considerable discretion in determining a "just" amount of damages. The Court finds that defendants' use and infringement of the Trademarks was willful, and therefore the cap on the amount of statutory damages would be $2 million. The Court otherwise finds that Count II is capped at $100,000 per domain name. If plaintiff was granted three times the actual damages, the amount would be just over $400,000. Therefore, the Court finds that $500,000 in statutory damages against J&B and $500,000 in statutory damages against Vivid would be just. No monetary damages have been determined against McCarty.

### C. Attorney's Fees

Plaintiff seeks attorney's fees under the Lanham Act, 15 U.S.C. § 1117(a), arguing that this case qualifies as an exceptional case warranting an award. Plaintiff also seeks attorney's fees pursuant to FDUTPA, which permits an award of reasonable attorney's fees to a prevailing party, Fla. Stat. § 501.2105, and plaintiff seeks attorney's fees pursuant to the

Agreement with Vivid, which provides for attorney's fees to a prevailing party in an enforcement action.

To qualify as an exceptional case, defendant's infringing acts must have been malicious, fraudulent, deliberate, or willful. Burger King Corp. v. Pilgrim's Pride Corp., 15 F.3d 166, 168 (11th Cir. 1994). J&B and Vivid are deemed to have admitted the well pled facts in the Amended Complaint, and therefore the deliberate infringement of plaintiff's Trademarks. Defendants' actions were willful and knowing, and continued even after notice and after Vivid entered into an agreement to cease and desist the infringement of the Trademarks. The Court finds that this presents an exceptional case warranting reasonable attorney's fees as to Counts I and II.

For an award of attorney's fees under FDUTPA, the Court considers certain factors relevant to the inquiry, including the ability to pay, the scope and history of the litigation, and whether the claim was brought to resolve a significant legal question under FDUTPA. N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc., 395 F. App'x 563, 565 (11th Cir. 2010)(citing Humane Soc'y of Broward Cnty., Inc. v. Fla. Humane Soc'y, 951 So. 2d 966, 971 (Fla. 4th DCA 2007)). Plaintiff does not discuss these factors, and the Court does not find that plaintiff has met its burden to support a discretionary award under FDUTPA. Id.

Therefore, the request for attorney's fees will be denied under this basis.

Lastly, plaintiff seeks attorney's fees pursuant to the Agreement with Vivid.  (Doc. 345-9, Exh. 8.)  The Agreement is governed by California law and provides for reasonable attorneys' fees incurred to enforce the Agreement.  Under the California Civil Code,

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a).  The Court finds that plaintiff is entitled to attorney's fees against Vivid as to Count VIII.

Plaintiff will be required to file a separate motion as to the amount of fees after the entry of judgment.  See M.D. Fla. R. 4.18(a).  In doing so, plaintiff will be required to limit or separate the attorney's fees to Counts I, II, and VIII only, and only as to defendants J&B and Vivid.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Final Judgment After Default Against Defendants J&B PB, LLC; Vivid, LLC; and Anthony McCarty (Doc. #99) is **GRANTED** as follows:

   A. Count VII is dismissed without prejudice;

   B. A default judgment shall be entered in favor of plaintiff and against J&B in the amount of $500,000 and against Vivid in the amount of $500,000, as to Counts I, II, IV, V, and VI;

   C. J&B and Vivid are permanently enjoined as further provided below;

   D. A default judgment shall further be entered in favor of plaintiff and against Vivid as to Count VIII and plaintiff shall take nothing on this Count; and

   E. A default judgment shall be entered in favor of plaintiff and against McCarty as to Count IX.

2. The Clerk shall enter judgment as to J&B and Vivid as provided herein but withhold entry of judgment as to McCarty pending a determination of damages.  The Clerk shall otherwise terminate all three defendants (J&B, Vivid, and McCarty) on the docket.

3. Plaintiff shall submit a motion as to the appropriate damages sought against McCarty as to Count IX within **SEVEN (7) DAYS** of this Opinion and Order.

4. Plaintiff's Motion for Sanctions for Defendant McCarty's Failure to Comply with Court Order [DE125] (Doc. #134) is **DENIED as moot.**

5. Plaintiff shall serve a copy of this Opinion and Order on defendants.

**IT IS FURTHER ORDERED AND ADJUDGED:**

6. Plaintiff is the exclusive owner of all right, title, and interest in the trademark "VIVID", registered with the United States Patent and Trademark Office for online websites and night club services.  Having found J&B and Vivid (Defendants) liable as to Counts I and II, Defendant and their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendants, and each of them, are hereby permanently enjoined from:

   (a) using the trademark VIVID or any colorable imitation thereof;

   (b) using any trademark that imitates or is confusingly similar to or in any way similar to the trademark VIVID or that is likely to cause confusion, mistake, deception or public misunderstanding as to the origin of Plaintiff's products, services or their connectedness to Defendants; and

     (c)   using the domain name <vividcabaret.com> or any colorable imitation thereof.

7. Pursuant to the permanent injunction, Defendants shall:

     (d)   notify in writing and direct all publishers of directories or lists, including internet search engines, in which Defendant's use of the domain name <vividcabaret.com> or the trademark VIVID appears, to delete all references to these names from their public databases, search engine directories, directory assistance and from all future directories in which said name is to appear, and to delete all forwarding or "cache memory" or storage mechanisms referencing such name;

     (e)   transfer to Plaintiff the domain name registration for <vivdcabaret.com>;

     (f)   deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendant bearing a trademark found to infringe Plaintiff's trademark VIVID rights, as well as all plates, matrices, and other means of making the same;

(g)  serve on Plaintiff within 30 days of the entry of this Opinion and Order a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction; and

(h)  immediately notify in writing and direct all publication in which any advertisements or other references to Defendants' business are schedule to appear to cancel all advertisements and references using Plaintiff's Trademarks.

**DONE and ORDERED** at Fort Myers, Florida, this ___12th___ day of January, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record