UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VIVID ENTERTAINMENT, LLC, a
California           limited
liability company,

    Plaintiff,

v.                                    Case No: 2:13-cv-524-FtM-29DNF

JOSE BASERVA,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on the plaintiff's Motion for Summary Judgment Against Defendant Jose Baserva's Counterclaims (Doc. #117) filed on November 28, 2014. Defendant Jose Baserva filed a Verified Response in Opposition (Doc. #128) on December 8, 2014. Also before the Court is plaintiff's Corrected Motion for Sanctions against Defendant Baserva (Doc. #136) filed on January 6, 2015. Defendant Jose Baserva filed a Motion for Continuance of Trial Period and Trial (Doc. #160) and a Motion for Expedited Ruling (Doc. #161) on January 28, 2015.

**I.**

Vivid Entertainment, LLC (plaintiff) initiated this action on July 15, 2013, by filing a Complaint against J&B PB, LLC (J&B) and Jose Baserva (Baserva) alleging trademark infringement, use of false designation of origin, cybersquatting, and state law claims.

(Doc. #1) Defendants appeared and filed an answer and counterclaims for cancellation of Federal Trademark Registration No. 2,475,741 pursuant to 15 U.S.C. § 1064(3) on grounds of procurement by fraud (Counterclaim I), cancellation of Federal Trademark Registration No. 2,475,741 pursuant to 15 U.S.C. § 1064(3) on grounds of abandonment (Counterclaim II), and trademark infringement pursuant to 15 U.S.C. § 1125(a) (Counterclaim III). (Doc. #35.) On May 6, 2014, plaintiff filed an Amended Complaint (Doc. #45) adding Vivid, LLC (Vivid) and Anthony McCarty (McCarty) as defendants and adding additional state law claims.

J&B and Baserva filed an Answer to Amended Complaint (Doc. #50) on May 22, 2014, and adopted their previously filed Affirmative Defenses and Counterclaims. After proper service of process, Vivid and McCarty both failed to appear and respond to the Amended Complaint, and upon appropriate motions, a Clerk's Entry of Default was issued against Vivid (Doc. #60) and McCarty (Doc. #70).

On July 21, 2014, counsel for J&B and Baserva filed a Motion to Withdraw as Counsel at the request of J&B and Baserva. (Doc. #66.) The Court granted the motion on July 24, 2014, and provided J&B and Baserva with thirty days to obtain new counsel. (Doc. #67.) An extension of time to secure new counsel for J&B was denied (Doc. #86), and upon failing to timely secure new counsel, the Clerk was directed to enter a default against J&B (Doc. #88).

The Clerk's Entry of Default against J&B was issued on September 19, 2014. (Doc. #92.) Baserva also failed to secure new counsel and is proceeding pro se.

On August 11, 2014, Baserva filed a Motion to Modify the Case Management and Scheduling Order to Extend the Deadlines. (Doc. #71.) The Court granted Baserva's motion (Doc. #77), and entered a Second Amended Case Management and Scheduling Order which required the parties to complete discovery by November 28, 2014, meet in person to prepare a Joint Final Pretrial Statement by December 10, 2014, file a Joint Final Pretrial Statement by December 29, 2014, and appear at the Final Pretrial Conference on January 20, 2015 (Doc. #87). Baserva made another request to extend to the discovery deadline on November 21, 2014. (Doc. #115.) This motion, however, was denied because Baserva failed to show that his request on an extension was supported by good cause. (Doc. #137.)

Plaintiff now moves for summary judgment on Baserva's counterclaims (Doc. #117) and seeks the imposition of sanctions for Baserva's failure to comply with the Court's Second Amended Scheduling Order (Doc. #136).

## II.

The Court will first address plaintiff's motion for summary judgment.

**A.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)

4

(finding summary judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**B.**

The following facts are undisputed and taken in the light most favorable to the non-moving party, Baserva[1]:

Plaintiff is one of the world's largest producers of high quality adult entertainment. Plaintiff's predecessor in interest, Vivid Video, Inc. (Vivid Video), registered the mark "VIVID" with

---

[1] Baserva's Verified Response in Opposition to Plaintiff's Motion for Summary asserts that plaintiff's motion should be denied as premature "because relevant discovery has not been obtained." (Doc. #128, p. 1.) Rule 56(d) provides that if, in response to a motion for summary judgment, "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). After reviewing Baserva's response, the Court finds that Baserva is not entitled to shelter under Rule 56(d). The discovery deadline in this matter has been extended on multiple occasions and Baserva has failed to support his request for additional time with good cause. The Court will therefore consider the facts undisputed for purposes of plaintiff's motion.

the United States Patent and Trademark Office (USPTO) for several different products and services, including for online websites and night club services. On December 26, 2000, Vivid Video was issued Registration No. 2,415,035, for the websites, and on August 7, 2001, Vivid Video was issued Registration No. 2,475,741, for night club services (collectively the Trademarks). On August 30, 2007, Vivid Video, Inc. assigned the Trademarks to plaintiff under a Nunc Pro Tunc assignment effective July 26, 2002.

Plaintiff sells and distributes goods bearing the Trademarks, and plaintiff's products are famous, recognized, and distributed worldwide. Plaintiff owns over 350 domain names, which include the Trademarks prominently displayed. The Trademarks are distinctive, and the public associates the Trademarks with the goods and services of plaintiff and high quality erotic and adult entertainment. Plaintiff has granted licenses to use the Trademarks for nightclubs in Las Vegas, Nevada (Vivid), New York, NY and Los Angeles, CA (Vivid Cabaret), Charlotte, NC (Vivid's Gentleman's Club), and Miami-Dade County, FL (Vivid Live Gentlemen's Club).

In August 2010, J&B purchased "Club Goddess," a night club located in Palm Bay, Florida. "Club Goddess" remained open for at least a month, possibly two, before it was shut it down for renovations. Before reopening the club in January 2011, J&B changed the name to "Vivid Cabaret." Prior to renaming "Club

Goddess," Baserva, the sole owner of J&B, had never used "Vivid" or "Cabaret" in connection with night club services.

On October 19, 2011, J&B sold the assets of Vivid Cabaret, including the trade name, to Vivid, of which McCarty is the sole owner. Baserva also turned over the social media page he created for Vivid Cabaret and the Vivid Cabaret website. On December 4, 2012, plaintiff sent a cease and desist letter to Vivid, and on May 10, 2013, Vivid signed an Agreement agreeing to cease using and imitating the Trademarks. Vivid, however, continued to use and imitate the Trademarks in the operation of Vivid Cabaret.

On April 10, 2013, plaintiff sent J&B a cease and desist letter demanding that it discontinue its use of the Trademarks and to transfer the vividcabaret.com domain name to plaintiff. Baserva responded and admitted to registering the domain name, and offered to sell his rights to Vivid Cabaret to plaintiff. On April 23, 2013, Baserva filed a trademark application for "Vivid Cabaret," however, in February 2014, the application was refused because of the likelihood of confusion with plaintiff's Trademarks and suspended based on the pendency of this action.

### c.

Plaintiff argues that summary judgment is warranted because there is no evidence supporting Baserva's counterclaims. The Court agrees.

7

1.

In Counterclaim I, Baserva alleges, upon information and belief, that plaintiff's mark should be cancelled because plaintiff fraudulently told the USPTO that it used the VIVID mark in connection with night club services at the time it filed its trademark application. (Doc. #35, ¶¶ 5-22.)

A third party may petition to cancel a registered trademark on the ground that the "registration was obtained fraudulently." 15 U.S.C. § 1064(3). "Fraud in procuring a trademark registration or renewal occurs when an applicant knowingly makes false, material representations of fact in connection with his application." In re Bose Corp., 580 F.3d 1240, 1243 (Fed. Cir. 2009) (quoting Torres v. Cantine Torresella S.r.l., 808 F.2d 46, 48 (Fed. Cir. 1986)). A trademark is obtained fraudulently under the Lanham Act only if the applicant or registrant knowingly makes a false, material representation with the intent to deceive the USPTO. Angel Flight of Ga., Inc. v. Angel Flight Am., Inc., 522 F.3d 1200, 1209 (11th Cir. 2008). The party seeking to cancel a mark bears the burden of proving the alleged fraud by clear and convincing evidence. Id.

The Court finds that Baserva has not met his heavy burden of proving that plaintiff knowingly made a false statement to the USPTO or that plaintiff intended to deceive the USPTO. Baserva has failed to identify any evidence supporting his claim and the

time for obtaining such evidence has lapsed.  Accordingly, summary judgment is granted in favor of plaintiff as to Counterclaim I.

**2.**

In Counterclaim II, Baserva alleges, upon information and belief, that plaintiff's mark should be cancelled because plaintiff did not use VIVID in connection with night club services for at least three consecutive years prior to December 1, 2010. (Doc. #35, ¶¶ 23-26.)

Under the Lanham Act, a trademark is deemed abandoned, and, thus no longer valid, "[w]hen its use has been discontinued with intent not to resume such use."  15 U.S.C. § 1127.  In order to show that plaintiff has abandoned its trademark, Baserva must show that: (1) plaintiff has ceased using the mark in dispute and (2) plaintiff has done so with an intent not to resume its use. Natural Answers, Inc. v. SmithKline Beecham Corp., 529 F.3d 1325, 1329 (11th Cir. 2008).  "Nonuse for 3 consecutive years shall be prima facie evidence of abandonment," 15 U.S.C. 1127, which creates a "rebuttable presumption of intent not to resume use." Natural Answers, 529 F.3d at 1330.

On this record, it is clear that plaintiff has made continuous use of VIVID in connection with nightclub services.  It is undisputed that plaintiff hosted events at clubs owned and operated by third parties prior to Baserva's use of "Vivid Cabaret," and that plaintiff prominently displayed VIVID at these events.  (Doc.

9

#117-8, Doc. #117-9.) Furthermore, plaintiff has granted licenses to use VIVID for nightclubs throughout the country. Based on the foregoing, the Court finds that plaintiff is entitled to summary judgment on Counterclaim II because there is no evidence of abandonment.

**3.**

In Counterclaim III, Baserva asserts a claim for trademark infringement under 15 U.S.C. § 1125(a). To establish a claim of trademark infringement, a plaintiff must show that (1) he owns a valid and protectable mark, and (2) the defendant's use of the mark is likely to cause confusion. <u>Custom Mfg. & Eng'g, Inc. v. Midways Servs., Inc.</u>, 508 F.3d 641, 647 (11th Cir. 2007). After reviewing the evidence, the Court finds that Baserva is unable to establish a claim for trademark infringement because he does not own a valid trademark. Indeed, Baserva testified that "I don't have a trademark for Vivid Cabaret." (Doc. #117-1, p. 37.) Because Baserva does not own a valid trademark, summary judgment is granted in favor of plaintiff.

**III.**

Plaintiff seeks the imposition of sanctions against Baserva because Baserva failed to participate in the preparation of a Joint Final Pretrial Statement and failed to appear at the Final Pretrial Conference. Specifically, plaintiff requests that the Court enter a default against Baserva on plaintiff's claims, strike Baserva's

affirmative defenses, and award plaintiff reasonable attorneys' fees. (Doc. #136, p. 3.)

**A.**

On September 10, 2014, the Court entered a Second Amended Case Management and Scheduling Order which required the parties to meet in person to prepare a Joint Final Pretrial Statement by December 10, 2014, file a Joint Final Pretrial Statement by December 29, 2014, and appear at the Final Pretrial Conference on January 20, 2015. (Doc. #87.) On December 9, 2014, the parties filed a Joint Motion to Extend Meeting in Person Deadline, requesting that the deadline be extended to December 19, 2014, due to scheduling conflicts. (Doc. #129.) The Court granted the motion, but indicated that all other deadlines will remain the same. (Doc. #130.) Plaintiff and Baserva filed a Second Joint Motion to Extend Meeting in Person Deadline, Joint Final Pretrial Statement Deadline, and Deadline for All Other Motions on December 17, 2014. (Doc. #131.) The motion stated that the parties attempted to resolve some pending claims and agreed to meet on January 5, 2015, and file a Joint Final Pretrial Statement on January 7, 2015. (Id.) The Court granted the motion and extended the deadlines as requested. (Doc. #132.)

On January 6, 2015, plaintiff filed a motion requesting sanctions against Baserva for failing to appear in person at the meeting scheduled to prepare a Joint Final Pretrial Statement.

11

(Doc. #136.) Plaintiff contends that on the eve of the scheduled in person meeting, Baserva informed plaintiff's counsel that he would not be attending the meeting, may be retaining new counsel, and suggested that plaintiff agree to extend all case deadlines. (Doc. #136.) Baserva did not appear at the scheduled meeting.

The next day, plaintiff filed a Motion for Extension of Time to File Trial Brief, Pretrial Statement and Jury Instructions. (Doc. #146.) The motion asserted that Baserva contacted counsel for plaintiff on January 7, 2014, and agreed to participate in the in person meeting. The Court granted plaintiff's motion and ordered the parties to meet in person to prepare a Joint Final Pretrial Statement on or before January 14, 2015, and to file a Joint Final Pretrial Statement, trial briefs, and jury instructions before the close of business on January 15, 2015. (Doc. #147.) The Order further stated that plaintiff shall file a unilateral final pretrial statement if Baserva fails to participate in the preparation of the pretrial statement. (Id.)

Baserva once again failed to participate in the formulation of a pretrial statement, causing plaintiff to file a Unilateral Final Pretrial Statement. (Doc. #155.) The Court held a Final Pretrial Conference on February 20, 2015, and Baserva failed to appear.

**B.**

A district court may impose sanctions for litigation misconduct under its inherent power. <u>Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.</u>, 561 F.3d 1298, 1306 (11th Cir. 2009). Further, Fed. R. Civ. P. 16(f) provides for sanctions as follows:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
>   (A) fails to appear at a scheduling or other pretrial conference;
>
>   (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
>
>   (C) fails to obey a scheduling or other pretrial order.
>
> (2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses-- including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f). "Sanctions under Rule 16(f) are 'designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation.'" <u>Maus v. Ennis</u>, 513 F. App'x 872, 878 (11th Cir. 2013) (quoting <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985)).

Under Rule 37, the district court may, among other sanctions, render a default judgment against the disobedient party. Fed. R.

13

Civ. P. 37(b)(2)(A)(vi). Before imposing such a severe sanction, a court must find that the party's failure to comply with a discovery order was either willful or in bad faith. Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). Violations of a court order "caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment." Id. Moreover, a default judgment is appropriate only as a "last resort, when less drastic sanctions would not ensure compliance with the court's orders." Id.

Finally, while the pleadings of pro se litigants are held to a less stringent standard than pleadings drafted by attorneys, Tannenbaum v. United States, 148 F.2d 1262, 1263 (11th Cir. 1998), pro se litigants are still required to comply with procedural rules, Moton v. Cowart, 631 F.3d 1337, 1340 n.2 (11th Cir. 2011). Specifically, pro se litigants are subject to the Federal Rules of Civil Procedure, including sanctions for misconduct and for failure to comply with court orders. Moon v. Newsome, 863 F.2d 835, 937 (11th Cir. 1989).

There is no dispute that Baserva violated the requirements of this Court's Case Management and Scheduling Order by failing to participate in the preparation of a joint final pretrial statement and by failing to appear at the scheduled Final Pretrial Conference. Baserva contends that his failure to participate in the in person meeting because he was waiting for the Court to rule

14

on his Amended Motion for Clarification and Extension of Time to Meet Discovery Deadline. (Doc. #160.) The Court finds that Baserva's proffered excuse does not amount to good cause because the pendency of a motion does not stay the deadlines in a case. Furthermore, Baserva has failed to explain his absence at the Final Pretrial Conference.

Baserva's conduct shows a clear pattern of delay and a conscious disregard of this Court's Orders. Such conduct warrants the imposition of sanctions. Accordingly, Baserva's Amended Answer (Doc. #50) will be stricken and a Clerk's Default will be entered against Baserva. Given the imminence of trial, the Court finds that lesser sanctions would not suffice.[2] See <u>Williams v. Talladega Cmty. Action Agency</u>, 528 F. App'x 979, 980 (11th Cir. 2013). Therefore, plaintiff's motion for sanctions is due to be granted.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Summary Judgment Against Defendant Jose Baserva's Counterclaims (Doc. #117) is **GRANTED** and

---

[2]Baserva's Motion for Continuance of Trial Period and Trial seeks a sixty day extension so that he may obtain counsel. Baserva's failure to diligently defend this matter does not justify the requested extension. The motion is therefore denied.

15

the Counterclaims are **dismissed with prejudice**. The Clerk shall withhold the entry of judgment until the conclusion of the case.

2. Plaintiff's Corrected Motion for Sanctions against Defendant Baserva (Doc. #136) is **GRANTED**.

3. Baserva's Amended Answer (Doc. #50) is **STRICKEN**.

4. The Clerk shall enter a default against defendant Jose Baserva and remove this case from the trial calendar.

5. Plaintiff's Motions in Limine (Doc. #140; Doc. #141; Doc. #142; Doc. #143; Doc. #144) are **DENIED as moot.**

6. Defendant Jose Baserva's Motions for Continuance of Trial Period and Trial (Doc. #160; Doc. #162) are **DENIED.**

7. Defendant Jose Baserva's Motions for Expedited Ruling (Doc. #161; Doc. #163) are **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of January, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record
Jose Baserva