UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

VIVID ENTERTAINMENT, LLC, a
California         limited
liability company,

        Plaintiff,

v.                                   Case No: 2:13-cv-524-FtM-29DNF

JOSE    BASERVA,    ANTHONY
MCCARTY,

        Defendants.
_____

                          **OPINION AND ORDER**

    This matter comes before the Court on defendant Anthony McCarty's Motion to Set Aside Default (Doc. #159) filed on January 27, 2015. Plaintiff filed a Response in Opposition (Doc. #165) on January 30, 2015. Defendant Anthony McCarty seeks to set aside the Clerk's Entry of Default (Doc. #70) entered against him on August 8, 2014, as he requires additional time to consult with an attorney to discuss the sufficiency of the complaint and the evidence for appeal. Defendant further requests sufficient time to consult with an accountant regarding the calculation of damages. As defendant is currently *pro se*, the Court will construe the motion as also seeking to set aside the default judgment. Although plaintiff argues that the motion may be denied for failure to confer under the Local Rules, see M.D. Fla. R. 3.01(g), the Court will review the motion on the merits.

**I.**

On August 8, 2014, the Magistrate Judge found that service of process was properly effected on the Secretary of State for the State of Florida, Doc. #56-1, as defendant Anthony McCarty's agent, because he was a former resident who had left the state to an unknown address, see Fla. Stat. § 48.181. (Doc. #68.) Mr. McCarty failed to respond to the Amended Complaint in a timely manner after service of process. On August 27, 2014, McCarty appeared and filed a Response (Doc. #81) indicating that he was living in Arizona at the time of service and currently lives in Ohio where he may be served with the complaint. Plaintiff states he was again served personally at this address. (Doc. #165, p. 9 n.3.) Defendant requested an opportunity to defend himself and his company, Vivid, LLC, and for the judgment to be vacated until he could seek legal counsel and respond to the allegations. Plaintiff filed a Response (Doc. #85) to McCarty's Response (Doc. #81) to the extent that it could be construed as a motion to vacate, arguing that no Local Rule 3.01(g) certification was included, valid service was uncontroverted, and that no good cause was shown to vacate the default. The Court did not independently construe the response as a motion, and no further action was taken.

On October 24, 2014, Mr. McCarty filed a Motion for Extension of Time to Oppose Final Judgment After Default (Doc. #106) seeking additional time to respond to plaintiff's request for a default

judgment, and also filed a Motion for Protective Order and or to Modify Plaintiff's Notice of Deposition (Doc. #107) as he was located in Ohio. On October 31, 2014, plaintiff filed a Motion to Compel Discovery and Deem Requests Admitted (Doc. #109) as Mr. McCarty failed to respond to discovery. On December 8, 2014, the Magistrate Judge granted the extension of time to respond, and granted plaintiff's request to compel discovery from Mr. McCarty in response to interrogatories. (Docs. ## 124-125.) A month later, the Magistrate Judge granted the request for a protective order so that Mr. McCarty could not be compelled to travel from Ohio to Fort Myers for deposition. (Doc. #138.) McCarty failed to respond to the request for a default judgment within the extended period of time. Additionally, Mr. McCarty failed to produce his written responses, or the requested discovery documents, and plaintiff sought sanctions. (Doc. #134.)

On January 12, 2015, the Court issued an Opinion and Order (Doc. #148) granting plaintiff's Motion for Final Judgment After Default Against Anthony McCarty (Doc. #99) as to Count IX for fraudulent inducement, and denying plaintiff's request for sanctions as moot. However, the Clerk was directed to withhold the entry of judgment pending a separate and later determination of damages. On January 20, 2015, plaintiff filed a Motion In Support of Damages Against McCarty Per Court Order (Doc. #157)

seeking $406,656.16 in damages against Mr. McCarty. As of today, no response has been filed to the Motion regarding damages.

**II.**

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Under Rule 60(b), the Court may relieve a party from a final judgment or order based on excusable neglect, fraud, or any other reason justifying relief. Fed. R. Civ. P. 60(b). The standard applied for setting aside a default judgment, excusable neglect, is "more rigorous" than the standard for setting aside an entry of default, for good cause. EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990).

**1. Default**

The good cause standard applied to set aside a default is not a precise formula, but some factors to consider include whether: the default was willful, McCarty acted promptly to correct the default, plaintiff would be prejudiced, McCarty has a meritorious defense, and even whether the public interest is implicated. Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). "However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Id. at 951-52.

The Court finds that Mr. McCarty clearly was aware of the impending litigation after receiving cease and desist letters, and after reaching an agreement with plaintiff on behalf of Vivid, LLC. Mr. McCarty's argument that he was not properly or timely served is also somewhat disingenuous because he filed an appearance quickly after entry of the Order granting a default. Defendant is choosing when and how he wishes to participate by appearing to file a motion for protection but otherwise failing to produce discovery or responding to motions for sanctions. The Court finds that service of process was proper and the prejudice to plaintiff is great. The Court finds no good cause shown to set aside the default.

**2. Default Judgment**

To set aside a default judgment, McCarty must establish excusable neglect by showing: "(1) [he] had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." Florida Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993)(citation omitted).

In granting the default judgment for fraudulent inducement, the Court deemed admitted the allegations in Count IX, and found that:

> plaintiff sent written correspondence to Vivid as pre-litigation notification to stop using its Trademarks. On May 10, 2013, McCarty stated that Vivid would cease all use of the Trademarks within 90 days, however Vivid did not discontinue use of the Trademarks and McCarty knew that Vivid would not do so. McCarty made the statements to induce plaintiff to enter into an agreement and forego filing a lawsuit, and plaintiff did not file suit to enforce its rights as a result of the agreement. McCarty was at least in part motivated by the benefit of plaintiff's promotional efforts around the opening of its club in Miami, Florida.

(Doc. #148, pp. 10-11.) Defendant has not put forward any argument to support excusable neglect, and more importantly at no time has defendant indicated whether he has a meritorious defense to the allegations that would affect the outcome on Count IX. The Court finds that the prejudice to plaintiff at this stage of the proceedings would be substantial, and no good reason exists why defendant could not have responded to the Amended Complaint. Defendant appeared several times, as convenient, but has taken no effort to actively participate in litigation or cooperate with discovery. The motion to set aside the default judgment will be denied.

**3. Damages**

Although Mr. McCarty's request to set aside the default and/or the default judgment is due to be denied, this does not preclude him from appearing and defending against the amount of damages. Plaintiff's Motion in Support of Damages Against McCarty Per Court

Order (Doc. #157) remains pending and the Court will provide additional time to respond to this motion.

Pursuant to Fed. R. Civ. P. 55(b)(2)[1], defendant may be entitled to an evidentiary hearing to present evidence with regard to plaintiff's evaluation of the amount of damages. In responding to plaintiff's motion, Mr. McCarty may indicate whether he requests a hearing.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Set Aside Default (Doc. #159) is **DENIED.**

2. Defendant Anthony McCarty may file a response, through counsel or *pro se*, to the Motion in Support of Damages Against McCarty Per Court Order (Doc. #157) within **THIRTY (30) DAYS** of this Order. If defendant responds and objects

---

[1] The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

**(A)** conduct an accounting;

**(B)** determine the amount of damages;

**(C)** establish the truth of any allegation by evidence; or

**(D)** investigate any other matter.

Fed. R. Civ. P. 55(b)(2).

to the Motion, the Court may conduct an evidentiary hearing. If no response is filed and no extension of time is sought, the Court will rule without further notice.

3. The Clerk shall mail a copy of this Order to Anthony McCarty.

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of February, 2015.

*[signature: John E. Steele]*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Anthony McCarty
Counsel of Record