```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

VIVID ENTERTAINMENT, LLC, a
California           limited
liability company,

      Plaintiff,

v.                                    Case No: 2:13-cv-524-FtM-29MRM

JOSE BASERVA,

      Defendant.

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion in Support of Damages Against McCarty (Doc. #157) filed on January 20, 2015. Defendant McCarty has failed to file a response and the time to do so has expired (Doc. #180). This matter is ripe for review.

**I.**

Anthony McCarty (McCarty) is the sole owner and shareholder of Vivid, LLC (Vivid). Plaintiff, Vivid Entertainment, LLC, is the owner of the registered trademark VIVID for several different products and services, including for online websites and night club services (collectively the Trademarks). On December 4, 2012, plaintiff sent a cease and desist letter to Vivid demanding the Vivid discontinue use of plaintiff's Trademarks. On May 10, 2013, Vivid signed an Agreement agreeing to cease using and imitating

plaintiff's Trademarks. However, from November 2011 to the present, Vivid has used and continues to use and imitate plaintiff's Trademarks.

On July 15, 2013, plaintiff filed a Complaint (Doc. #1) against J&B PB, LLC (J&B) and Jose Baserva (Baserva) alleging trademark infringement, use of false designation of origin, cybersquatting, and state law claims. On May 6, 2014, plaintiff filed an Amended Complaint (Doc. #45) adding Vivid, LLC (Vivid) and Anthony McCarty (McCarty) as defendants and adding additional state claims. After proper service of process, Vivid and McCarty both failed to appear and respond to the Amended Complaint, and upon appropriate motions, a Clerk's Entry of Default (Docs. ## 60, 70) was issued against Vivid and against McCarty.

On August 27, 2014, McCarty filed a Response to Motion for Default (Doc. #81) stating that service of process was improper, and that he and Vivid should be permitted to appear and defend. McCarty did not file a motion to set aside or vacate the Clerk's default against him or Vivid, or file anything further to set aside or vacate the defaults. Plaintiff filed a Response (Doc. #85) in opposition, however no further action took place on the defaults.

On October 3, 2014, plaintiff filed its motion for final judgment after default (Doc. #99). On October 24, 2014, McCarty filed a Motion for Extension of Time (Doc. #106) to respond to the Motion for Final Judgment, which plaintiff opposed. (Doc. #110.)

2

On December 8, 2014, the request was granted and McCarty was permitted an additional fourteen (14) days to respond but McCarty did not file a response.

On January 12, 2015, the Court granted plaintiff's motion for final judgment after default against McCarty as to Count IX (Doc. #148). The Court withheld entry of judgment as to damages against McCarty. (Doc. 148, p. 18.) The instant motion was filed in compliance of this Court's Order requiring plaintiff to file a separate motion as to the amount of damages sought against McCarty. McCarty moved to set aside the default on January 27, 2015. (Doc. #159.) The Court denied McCarty's motion but granted him leave to file a response in plaintiff's motion in support of damages against McCarty within thirty (30) days. (Doc. #167.) The Court specified that if no response was filed and no extension of time was sought, the Court would rule without further notice. (Doc. #167, p. 8.)

On April 6, 2015, over a month after a response was due, McCarty filed a Motion to Contest Calculation of Damages (Doc. #174) in which he requested an extension of sixty (60) days to file a response to plaintiff's Motion in Support of Damages Against McCarty. The Court entered an Order denying McCarty's request for a sixty (60) day extension, but granting him a thirty (30) days extension to file a response. (Doc. #180.) The Order specified that the thirty (30) day extension was McCarty's final opportunity to contest the calculation of damages. (<u>Id.</u> at 2.) Despite this

3

warning, McCarty filed another Motion for Extension of Time (Doc. #181) seeking a twenty (20) day extension of time in which to respond to plaintiff's motion. The Court denied McCarty's motion (Doc. #183). McCarty has failed to file a response despite numerous extensions of time granted by the Court.

**II.**

Under Florida law, "[t]he goal of damages in tort actions is to restore the injured party to the position it would have been in had the wrong not been committed." Totale, Inc. v. Smith, 877 So. 2d 813, 815 (Fla. 4th DCA 2004) (internal quotation marks omitted). A plaintiff is entitled to recovery of his actual out of pocket losses attributable to the defendant's fraudulent conduct. Laney v. American Equity Inv. Life Ins. Co., 243 F. Supp. 2d 1347, 1354 (M.D. Fla. 2003). One measure of damages for fraudulent misrepresentation is the pecuniary loss suffered as a result of the recipient's reliance on the misrepresentation. Steinbauer Associates, Inc. v. Smith, 599 So. 2d 746, 748 (Fla. Dist. Ct. App. 1992)(citing Restatement of Torts (Second) § 549(1)(b)). Plaintiff is also entitled to punitive damages in situations in which there is tortuous conduct accomplished through fraud. First Interstate Dev. Corp. v. Ablanedo, 511 So. 2d 536, 539 (Fla. 1987).

Plaintiff asserts that it sent a cease and desist letter to Vivid, and on May 10, 2013, Vivid signed an Agreement agreeing to cease using and imitating plaintiff's Trademarks. However, Vivid

continued to use and imitate plaintiff's Trademarks. By representing to plaintiff that he would discontinue all use of plaintiff's Trademarks, with full and complete knowledge that he would not do so, McCarty induced plaintiff into entering an Agreement and forego filing suit against Vivid. Plaintiff requests damages from the date the Agreement was executed, May 10, 2012, through the time plaintiff amended its pleading to add claims against McCarty, April 18, 2014, for a total of 344 days. Plaintiff asserts that it is entitled to damages in the amount of $406,656.16 for the period of time in which it delayed filing its claims against Vivid to protect and enforce its trademark rights.

In support of this calculation, plaintiff relies on the valuation of damages assessed by expert Michael A. Einhorn, Ph.D. (Dr. Einhorn). (See Doc. #99-1.) Because of the defendant's failure to cooperate in discovery, Dr. Einhorn's calculations are estimations based on data for the same club while it was operated by co-defendant J&B PB, LLC. Dr. Einhorn determined plaintiff suffered pecuniary damages in the amount of $1,182.14 *per diem* which includes the royalty or lost licensing fees ($34.34 *per diem*) and lost profits ($1,147.71 *per diem*). Based on Dr. Einhorn's calculations, plaintiff incurred a total of $406.656.16 in damages.[1] Plaintiff states that this is a conservative estimate

---

[1] $1,182.14 *per diem* rate multiplied by 344 days = $406.656.16

of actual damages and plaintiff does not seek punitive damages. The Court has considerable discretion in determining a "just" amount of damages. Therefore, the Court awards plaintiff $406.656.16 in actual damages against McCarty.

Accordingly, it is now

**ORDERED:**

1.  Plaintiff's Motion in Support of Damages (Doc. #157) is **GRANTED**. The Court awards plaintiff **$406.656.16** in actual damages against McCarty as to Count IX.

2.  The Clerk shall enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this ___7th___ day of August, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:

All Parties of Record

6