UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VIVID ENTERTAINMENT, LLC, a
California           limited
liability company,

      Plaintiff,

v.                              Case No: 2:13-cv-524-FtM-29MRM

JOSE BASERVA,

      Defendant.

                           /

## OPINION AND ORDER

This matter comes before the Court upon plaintiff's Motion for Final Judgment After Default Against Defendant Jose Baserva (Doc. #168) filed March 4, 2015. Defendant Jose Baserva filed a Response in Opposition (Doc. #177) on April 10, 2015, which plaintiff moves to strike as untimely (Doc. #178). The Court finds that an evidentiary hearing is not required and the matter is ripe for review.

## I.  Procedural Background

On July 15, 2013, plaintiff, Vivid Entertainment, LLC, initiated a Complaint (Doc. #1) against J&B PB, LLC (J&B) and Jose Baserva (Baserva) alleging trademark infringement, use of false designation of origin, cybersquatting, and state law claims. Defendants appeared and filed an Answer, Affirmative Defenses and Counterclaim (Doc. #26), an Amended Answer, Affirmative Defenses, Counterclaims (Doc. #31), and a Second Amended Answer, Affirmative

Defenses, Counterclaims (Doc. #35).  On May 6, 2014, plaintiff filed an Amended Complaint (Doc. #45) adding Vivid, LLC (Vivid) and Anthony McCarty (McCarty) as defendants and adding additional state claims.  Defendants J&B and Baserva appeared and filed an Answer to Amended Complaint (Doc. #50) and adopted their previously filed Affirmative Defenses and Counterclaims.

On January 30, 2015, the Court granted plaintiff's Motion for Summary Judgment Against Baserva's Counterclaims (Doc. #117) and dismissed the counterclaims with prejudice.  (Doc. #164.)  The record shows that the Court entered a default against Baserva, as a sanction for his conduct which evidenced a clear pattern of delay and conscious disregard of the Court's previous orders.  (Id. at p. 15.)  On March 4, 2015, plaintiff filed a Motion for Final Judgment After Default Against Defendant Jose Baserva.  (Doc. #168.)  Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Middle District, Baserva had until March 21, 2015, to file a response to plaintiff's motion.  Baserva failed to file a timely response but moved for an extension of time on April 2, 2015, twelve (12) days after the date a response was due.  (Doc. #170.)  The Court denied Baserva's untimely request for an extension of time.  (Doc. #172.)  Baserva then filed an amended motion for extension of time (Doc. #173) which plaintiff opposed (Doc. #175).  Before the Court ruled on Baserva's amended motion for extension of time, Baserva filed a Response in Opposition to

Plaintiff's Motion for Final Judgment After Default (Doc. #177). The Court denied Baserva's amended motion for extension of time. (Doc. #179.)

## II.  Motion to Strike

Plaintiff moves to strike Baserva's response in opposition as untimely.  (Doc. #178.)  Baserva did not file a Response to plaintiff's motion and the time to do so has expired.

There is no dispute that Baserva's Response is untimely. Baserva's Response was due on March 21, 2015, and the Court denied his untimely motion for extension of time (Doc. #172) and amended motion for extension of time (Doc. #179).  Baserva filed a Response on April 10, 2015, twenty (20) days after it was due.  However, the Court has judicial discretion to overlook plaintiff's untimeliness.  Morroni v. Gunderson, 169 F.R.D. 168, 171 (M.D. Fla. 1996).

The record shows that Baserva has exhibited a clear pattern of delay and conscious disregard of the Court's previous orders and this Court has not taken such conduct lightly.  However, in considering plaintiff's motion for default judgment, the Court will exercise its discretion and accept Baserva's untimely Response.  Accordingly, plaintiff's Motion to Strike is **DENIED**.

## III. Default Judgment

3

### A. Factual Basis

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.  A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations.  A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof."  Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (citations omitted).

Plaintiff is one of the world's largest producers of high quality adult entertainment.  Plaintiff's predecessor in interest, Vivid Video, Inc. (Vivid Video), registered the mark "VIVID" with the United States Patent and Trademark Office (USPTO) for several different products and services, including for online websites and night club services.  On December 26, 2000, Vivid Video was issued Registration No. 2,415,035, for the websites, and on August 7, 2001, Vivid Video was issued Registration No. 2,475,741, for night club services (collectively the Trademarks).  On August 30, 2007, Vivid Video assigned the Trademarks to plaintiff under a Nunc Pro Tunc assignment effective July 26, 2002.

Plaintiff sells and distributes goods bearing the Trademarks, and plaintiff's products are famous, recognized, and distributed worldwide.  Plaintiff owns over 350 domain names, which include

the Trademarks prominently displayed. The Trademarks are distinctive, and the public associates the Trademarks with the goods and services of plaintiff and high quality erotic and adult entertainment. Plaintiff has granted licenses to use the Trademarks for nightclubs in Las Vegas, Nevada (Vivid), New York, NY and Los Angeles, CA (Vivid Cabaret), Charlotte, NC (Vivid's Gentleman's Club), and Miami-Dade County, FL (Vivid Live Gentlemen's Club).

In August 2010, J&B purchased "Club Goddess," a night club located in Palm Bay, Florida. "Club Goddess" remained open for at least a month, possibly two, before it was shut down for renovations. Before reopening the club in January 2011, J&B changed the name to "Vivid Cabaret." Baserva is the sole owner of J&B and is the registered owner of the domain name vividcabaret.com. Prior to renaming "Club Goddess," Baserva had never used "Vivid" or "Cabaret" in connection with night club services.

On October 19, 2011, J&B sold the assets of Vivid Cabaret, including the trade name, to Vivid. Baserva also turned over the social media page he created for Vivid Cabaret and the Vivid Cabaret website. On April 10, 2013, plaintiff sent J&B a cease and desist letter demanding that it discontinue its use of the Trademarks and to transfer the vividcabaret.com domain name to plaintiff. Baserva responded and admitted to registering the

domain name, and offered to sell his rights to Vivid Cabaret to plaintiff.   On April 23, 2013, Baserva filed a trademark application for "Vivid Cabaret," however, in February 2014, the application was refused because of the likelihood of confusion with plaintiff's Trademarks and suspended based on the pendency of this action.

The Amended Complaint contains the following claims against Baserva:[1] Count I alleges infringement of registered trademarks under the Lanham Act, 15 U.S.C. § 1114; Count II alleges the use of false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a);  Count III alleges cybersquatting pursuant to 15 U.S.C. § 1125(d);  Count IV alleges infringement of registered trademarks under Florida Statute § 495.131;  Count V alleges a violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, et seq.; Count VI asserts a common law claim of unfair competition; Count VII alleges Baserva engaged in a civil conspiracy with McCarty.[2]

**B. Analysis**

"A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear

---

[1]The Court granted default judgment against J&B and Vivid, thus, Baserva is the only remaining defendant in Counts I, II, IV, V, VI.  (See Doc. #148.)

[2]Plaintiff does not seek a default judgment against Baserva for Count VII.  (See Doc. #168, p. 18.)

pursuant to Federal Rule of Civil Procedure 55(b)(2).  *DirecTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).  The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment.  See *Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered.  *Id.*  A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal.  *Id.* *3

"Once liability is established, the court turns to the issue of relief."  *Enpat, Inc. v. Budnic*, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011).  "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings, and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter."  *Id.*

**1.  Counts I, II, IV, V, and VI**

In Count I, plaintiff alleges Baserva infringed on its registered Trademarks in violation of the Lanham Act, 15 U.S.C. § 1114.  "[I]n order to prevail on a trademark infringement claim, a plaintiff must show that its mark was used in commerce by the

defendant without the registrant's consent and that the unauthorized use was likely to deceive, cause confusion, or result in mistake.  McDonald's Corp. v. Robertson, 147 F.3d 1301, 1307 (11th Cir. 1998).  Natural persons, as well as corporations, may be liable for trademark infringement under the Lanham Act.  See Mead Johnson & Co. v. Baby's Formula Serv., Inc., 402 F.2d 19, 23 (5th Cir. 1968);[3] 15 U.S.C.A. §§ 1114 & 1127.  Because of its very nature a corporation can act only through individuals.  "Obviously . . . if there was an infringement by the corporation, this infringement was caused by some one or more persons either officers or employees of the corporation who caused the acts to be done." Mead Johnson, 402 F.2d at 23.  If an individual actively and knowingly caused the infringement, he is personally liable.  See id.; Chanel, Inc. v. Italian Activewear of Fla., Inc., 931 F.2d 1472, 1477-78 (11th Cir. 1991).

For the false designation of origin claim plaintiff alleges in Count II, "plaintiff must establish that the defendant adopted a mark confusingly similar to the plaintiff's mark such that there was a likelihood of confusion as to the origin of the goods." Ross Bicycles, Inc. v. Cycles USA, Inc., 765 F.2d 1502, 1503 (11th Cir. 1985) (citing Conagra, Inc. v. Singleton, 743 F.2d 1508, 1512 (11th

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Cir.1984)).  "The likelihood of confusion test applies to both causes under the Lanham Act-infringement and false designation of origin."  Caliber Auto. Liquidators, Inc. v. Premier Chrysler, Jeep, Dodge, LLC, 605 F.3d 931, 935 n.16 (11th Cir. 2010) (citations omitted).  Additionally, if plaintiff establishes a likelihood of confusion as to Counts I and II, this will also be determinative of the Florida state law claims for infringement, common law unfair competition, and FDUTPA in Counts IV, V, and VI. Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc., 508 F.3d 641, 652-653 (11th Cir. 2007).

The Court has previously determined that the well pled allegations in the Amended Complaint, set forth in paragraphs 47-54, 57-64, 76-83, 86-93, and 96-101, establish a likelihood of confusion and support a default judgment against co-defendants J&B and Vivid.  (Doc. #148, pp. 7-9.)  The Court now finds plaintiff's pleading establishes a likelihood of confusion and support a default judgment against Baserva who directed and controlled J&B at the time of the infringement.  (Doc. #45, ¶¶ 13-17, 23-32, 38-44.)

The Amended Complaint alleges plaintiff owns the registered Trademarks which it used or otherwise licensed to night clubs around the country, including in Florida.  Baserva is J&B's sole owner and shareholder.  Baserva used and infringed upon plaintiff's trademark and directed and controlled J&B in such infringing

activity.   Baserva continued to do so after plaintiff demanded both Baserva and J&B cease and desist.   Baserva attempted to register a mark and sell it to plaintiff but the USPTO found Baserva's mark to be confusingly similar to plaintiff's mark. Deeming all factual allegations as true and admitted, the Court finds that the Amended Complaint is adequately pled to support the entry of a default judgment against Baserva as to Counts I, II, IV, V, and VI.

   **2.   Count III**

   In Count III plaintiff alleges Baserva knowingly infringed on plaintiffs website Trademark in violation of 15 U.S.C. § 1125(d). To establish a claim under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), a plaintiff must establish that "(1) it has a valid trademark entitled to protection; (2) its mark is distinctive or famous; (3) the defendant's domain name is identical or confusingly similar to . . . the owner's mark; and (4) the defendant used, registered, or trafficked in the domain name (5) with a bad faith intent to profit." Sound Surgical Techs., LLC v. Leonard A. Rubinstein, M.D., P.A., 734 F. Supp. 2d 1262, 1275 (M.D. Fla. 2010) (internal quotation omitted).

   Here, plaintiff's allegations are sufficient to establish a cybersquatting claim against Baserva.   As set forth above, plaintiff's valid trademark for online websites is distinctive and

famous.    Baserva  registered   the   infringing   domain   name
vividcabaret.com knowing it was identical and/or confusing similar
to plaintiff's trademark.   Baserva registered, trafficked, and/or
used  the  trademark  with  the  bad  faith  intent  to  profit  from
plaintiff's  trademark.    Plaintiff  presents  all  the  necessary
elements  for  a  cybersquatting  claim.    Therefore,  the  Court  will
grant  a  default  judgment  in  favor  of  plaintiff  as  to  Count  III
against Baserva.

## IV.  Relief

Plaintiff   seeks   statutory   damages   under   the   Lanham   Act,
permanent  injunctive  relief,  and  attorneys'  fees.    For  damages,
plaintiff  asks  that  Baserva  be  held  jointly  and  severally  liable
for the $500,000 statutory damages judgment awarded against J&B or
alternatively,  an  independent  award  of  statutory  damages  in  the
amount of $500,000.  Plaintiff seeks an additional award of $50,000
for  the  cybersquatting  claim.    Plaintiff  also  seeks  reasonable
attorney's fees to be determined at a later date upon a finding of
entitlement.

### A.   Permanent Injunction

Upon  establishing  a  violation  of  infringement  and/or  false
designation of origin, plaintiff is entitled to injunctive relief.
15  U.S.C.  §  1116.    "Under  traditional  equitable  principles,  a
plaintiff  seeking  a  permanent  injunction  must  demonstrate  (1)  it
has  suffered  an  irreparable  injury;  (2)  remedies  available  at  law,

11

such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction." Angel Flight of Ga., Inc. v. Angel Flight Am., Inc., 522 F.3d 1200, 1208 (11th Cir. 2008) (citing eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)).  In infringement cases, it is "generally recognized" that there is no adequate remedy at law and that infringement by its very nature causes irreparable harm, Tally-Ho, Inc. v. Coast Cmty. Coll. Dist., 889 F.2d 1018, 1029 (11th Cir. 1989) (quoting Processed Plastic Co. v. Warner Commc'ns, 675 F.2d 852, 858 (7th Cir. 1982)), however "injunctive relief may issue only in accordance with the principles of equity", N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1227 (11th Cir. 2008) (quoting eBay Inc., 547 U.S. at 393) (internal quotation marks omitted).  Avoiding confusion is a legitimate public interest.  Angel Flight of Ga., Inc., 522 F.3d at 1209.

Considering the well pled admitted facts in this case, the Court finds that injunctive relief is appropriate in this case.

**B.   Joint and Several Liability**

The Court has already found that Baserva knowingly infringed on the plaintiff's Trademarks which makes him personally liable for trademark infringement.  See Chanel, Inc. v. Italian Activewear

of Florida, Inc., 931 F.2d 1472, 1477 (11th Cir. 1991). Additionally, as the sole owner of J&B, Baserva can be held jointly and severally liable for the judgment against J&B. FSC Franchise Co., LLC v. Express Corporate Apparel, LLC, No. 8:09-CV-454-T-23TGW, 2011 WL 1226002, at *8 (M.D. Fla. Feb. 28, 2011). Joint and several liability extends to a defendant where, as here, the corporate defendant was closely held by the individual defendant who was engaging in the infringing conduct. See Nelson-Salabes, Inc. v. Morningside Development, LLC, 284 F.3d 505, 517 (4th Cir. 2002) (long-standing exception to the rule that defendants are not jointly liable for profits is when the defendants act as partners or as "practical partners"); Frank Music Corp. v. MetroGoldwyn Mayer, Inc., 772 F.2d 505, 519 (9th Cir. 1985); see, e.g. Babbit Electronics Inc. v. Dynascan Corp., 38 F.3d 1161, 1183-84 (11th Cir. 1994) (in a trademark infringement case, individual defendants were jointly and personally liable with their corporation for all relief, which included corporate profits, because they "authorized, directed, and participated in the infringement"); Belford. Clarke & Co. v. Scribner, 144 U.S. 488, 507 (1892) (printer was jointly liable for publisher's profits from infringing book because printer and publisher were "practical partners"). Accordingly, the Court finds it is appropriate to join Baserva to the $500,000 statutory damages judgment against J&B, which Baserva directed and owned. (See Doc. #148.)

## C.   Cybersquatting

Plaintiff also seeks statutory damages in light of its cybersquatting claim, 15 U.S.C. § 1125(d), against Baserva. "In a case involving a violation of [15 U.S.C. § 1125(d)(1)], the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just." See 15 U.S.C. § 1117; see also Coolmath.com v. Evertap LLC, No. 8:14-CV-2638-T-33TBM, 2014 WL 7225327, at *8 (M.D. Fla. Dec. 17, 2014).

The Court has considerable discretion in determining a "just" amount of damages.  When entering default judgments, courts in this circuit have awarded statutory damages well in excess of the ACPA's $1,000 minimum.  See, e.g., Petmed Express, Inc. v. MedPets.Com, Inc., 336 F. Supp. 2d 1213, 1222 (S.D. Fla. 2004) ($50,000 for each of two infringing domain names, for a total of $100,000); Punch Clock, Inc. v. Smart Software Dev., 553 F. Supp. 2d 1353, 1359 (S.D. Fla. 2008) ($100,000 for single infringing domain name); Transamerica Corp. v. Moniker Online Servs., LLC, No. 09-60973-CIV, 2010 WL 1416979, at *4 (S.D. Fla. Apr.7, 2010) ($100,000 for use of a single domain name where defendant also engaged in fraud and concealment); K.S.R. X-Ray Supplies, Inc. v. Se. X-Ray, Inc., No. 09-81454-CIV, 2010 WL 4317026, at *7 (S.D.

14

Fla. Oct. 25, 2010) ($10,000 for one infringing domain name where no evidence that wrongful conduct was ongoing); Taverna Opa Trademark Corp. v. Ismail, No. 08-20776-CIV, 2010 WL 1838384, at *3 (S.D. Fla. May 6, 2010) ($10,000 for single infringing domain name where use of website had been discontinued); WFTV, Inc. v. Maverik Prod. Liab. Co., No. 6:11-CV-1923-ORL-28, 2013 WL 3119461, at *13 (M.D. Fla. June 18, 2013) ($20,000 for the intentional use of one infringing domain name and defendant continued use despite plaintiff's objection.)

Plaintiff seeks an award of $50,000 in statutory damages. The Court has found that Baserva's use and infringement of the Trademarks was willful, and therefore the cap on the amount of statutory damages is $100,000 per domain name. Through his default, Baserva has admitted to infringing on plaintiff's trademark in bad faith and with intent to profit from plaintiff's goodwill and wide recognition. Therefore, the Court finds that $50,000 in statutory damages against Baserva for plaintiff's cybersquatting claim is just in this case.

**D.  Attorney's Fees**

Plaintiff seeks attorney's fees under the Lanham Act, 15 U.S.C. § 1117(a), arguing that this case qualifies as an exceptional case warranting an award. Plaintiff also seeks attorney's fees pursuant to FDUTPA, which permits an award of

reasonable attorney's fees to a prevailing party, Fla. Stat. § 501.2105.

To qualify as an exceptional case, defendant's infringing acts must have been malicious, fraudulent, deliberate, or willful. Burger King Corp. v. Pilgrim's Pride Corp., 15 F.3d 166, 168 (11th Cir. 1994). Baserva is deemed to have admitted the well pled facts in the Amended Complaint, and therefore the deliberate infringement of plaintiff's Trademarks. Baserva's actions were willful and knowing, and continued even after notice to cease and desist the infringement of the Trademarks. Accordingly, the Court finds that this presents an exceptional case warranting reasonable attorney's fees as to Counts I, II, and III.

For an award of attorney's fees under FDUTPA, the Court considers certain factors relevant to the inquiry, including the ability to pay, the scope and history of the litigation, and whether the claim was brought to resolve a significant legal question under FDUTPA. N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc., 395 F. App'x 563, 565 (11th Cir. 2010) (citing Humane Soc'y of Broward Cnty., Inc. v. Fla. Humane Soc'y, 951 So. 2d 966, 971 (Fla. 4th DCA 2007)).

Plaintiff discusses the factors relevant to the appropriateness of a fee award under FDUTPA in its motion. Plaintiff asserts that due to Baserva's conduct, this case has included many unnecessary filings and delays that have extended

litigation and caused plaintiff to incur considerable fees. Plaintiff also asserts Baserva needlessly expanded litigation by filing meritless counterclaims which fell to summary judgment. Plaintiff contends that due to Baserva's intentional and willful infringement, fees should be awarded. The Court agrees and finds that an award of fees under FDUTPA is appropriate as to Count V.

Plaintiff will be required to file a separate motion as to the amount of fees after the entry of judgment. See M.D. Fla. R. 4.18(a). In doing so, plaintiff will be required to limit or separate the attorney's fees to Counts I, II, III, and V only, and only as to defendant Baserva.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion to Strike Jose Baserva's Response in Opposition (Doc. #178) is **DENIED.**

2. Plaintiff's Motion for Final Judgment After Default Against Defendant Baserva (Doc. #168) is **GRANTED** as follows:

   A. A default judgment shall be entered in favor of plaintiff and against Baserva. Baserva will be held jointly and severally liable with J&B in the amount of $500,000 as to Counts I, II, IV, V, and VI;

   B. A default judgment shall be entered in favor of plaintiff and against Baserva in the amount of $50,000 as to Count III.

17

C. Baserva is permanently enjoined as further provided below;

3. The Clerk shall enter judgment as to Baserva as provided herein, terminate all deadlines, and close the case.

4. Plaintiff shall serve a copy of this Opinion and Order on defendants.

**IT IS FURTHER ORDERED AND ADJUDGED:**

5. Plaintiff is the exclusive owner of all right, title, and interest in the trademark "VIVID", registered with the United States Patent and Trademark Office for online websites and night club services. Having found Baserva liable as to Counts I , II and III, Baserva, and his agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by through or under his authority, is hereby permanently enjoined from:

(a) using the trademark VIVID or any colorable imitation thereof;

(b) using any trademark that imitates or is confusingly similar to or in any way similar to the trademark VIVID or that is likely to cause confusion, mistake, deception or public misunderstanding as to the origin of plaintiff's products, services or their connectedness to Baserva; and

18

      (c)   using the domain name <vividcabaret.com> or any colorable imitation thereof.

6. Pursuant to the permanent injunction, Baserva shall:

      (d)   notify in writing and direct all publishers of directories or lists, including internet search engines, in which Baserva's use of the domain name <vividcabaret.com> or the trademark VIVID appears, to delete all references to these from their public databases, search engine directories, directory assistance and from all future directories in which said name is to appear, and to delete all forwarding or "cache memory" or storage mechanisms referencing such name;

      (e)   transfer to plaintiff the domain name registration for <vividcabaret.com>;

      (f)   file a request for express abandonment of Baserva's trademark application for "vivid cabaret" U.S. Application Serial No. 85912508;

      (g)   deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Baserva bearing a trademark found to infringe plaintiff's

trademark VIVID rights, as well as all plates, matrices, and other means of making the same;

(h) serve on plaintiff within 30 days of the entry of this Opinion and Order a report in writing under oath setting forth in detail the manner and form in which Baserva has complied with the injunction; and

(i) immediately notify in writing and direct all publication in which any advertisements or other references to Baserva's business are schedule to appear to cancel all advertisements and references using plaintiff's Trademarks.

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of August, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record