UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VIVID ENTERTAINMENT, LLC, a
California limited liability company,

    Plaintiff,

v.                                                              Case No:   2:13-cv-524-FtM-29MRM

JOSE BASERVA,

    Defendant.
_____/

## ORDER

Pending before the Court are Vivid Entertainment, LLC's ("Vivid") Renewed Motion to Compel Non-Party, Erik M. Pelton & Associates, PLLC Subpoena Compliance (Doc. 261) and Vivid's Amended Renewed Motion to Compel Non-Party, Erik M. Pelton & Associates, PLLC Subpoena Compliance (Doc. 262). Here, although the Court has repeatedly warned Vivid that it must strictly comply with M.D. Fla. R. 3.01(g), Vivid once again has failed to do so. As a result, Vivid's Motions are due to be denied without prejudice for failure to comply fully with M.D. Fla. R. 3.01(g).

As previously stated by the Court in denying a similar Motion filed by Vivid (*see* Doc. 243 at 1-2), Local Rule 3.01(g) requires that "the moving party must confer with the opposing party in a good[-]faith effort to resolve the issues raised by the motion, and file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion." *Selectica, Inc. v. Novatus, Inc.*, No. 6:13-CV-1708-ORL-36, 2014 WL 1930426, at *2 (M.D. Fla. May 14, 2014). "The good[-]faith conferral requirement in the Local Rules is stricter than Rule 37's good[-]faith conferral requirement." *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 470, 472

(M.D. Fla. 2008). "The term 'confer' in Rule 3.01(g) requires a substantive conversation **in person or by telephone** in a good[-]faith effort to resolve the motion without court action. Counsel who merely 'attempt' to confer have not 'conferred.'" *Selectica*, 2014 WL 1930426, at *2 (emphasis added).

The Court finds that Vivid's counsel failed to comply fully with Local Rule 3.01(g) again. Specifically, the Local Rule 3.01(g) certification in Plaintiff's Motions only states that Vivid's counsel "attempted to confer" with Erik M. Pelton & Associates, PLLC *by email*. (Doc. 261 at 3; Doc. 262 at 3). Such an "attempt" is patently insufficient. Thus, the Motion is due to be denied without prejudice for failure to comply with Local Rule 3.01(g).

Moreover, the Court finds that Vivid's counsel's repeated failure to comply with Local Rule 3.01(g) warrants further admonition. The Court previously denied a motion filed by the Plaintiff based upon Plaintiff's mere attempt to confer by letter. (Doc. 243 at 2). In that Order, the Court reminded Plaintiff and its counsel that the conference required by Local Rule 3.01(g) must be in-person or by telephone. (*Id.*). Moreover, the Court later admonished Plaintiff's counsel again to comply *strictly* with Local Rule 3.01(g) before filing the present Renewed Motions to Compel. (Doc. 260 at 4). Despite these repeated warnings, however, Vivid's counsel has again refused to comply with this Court's Orders and/or Local Rule 3.01(g).

**Based upon the foregoing, the Court hereby admonishes and warns Vivid and its counsel one final time that any future failure to comply fully with this Court's Orders and/or the requirements of M.D. Fla. 3.01(g) may result in the imposition of sanctions against Vivid and its counsel.**

Accordingly, the Court hereby **ORDERS** that:

Vivid's Renewed Motion to Compel Non-Party, Erik M. Pelton & Associates, PLLC Subpoena Compliance (Doc. 261) and Vivid's Amended Renewed Motion to Compel Non-Party, Erik M. Pelton & Associates, PLLC Subpoena Compliance (Doc. 262) are **DENIED without prejudice** for failure to comply fully with M.D. Fla. 3.01(g).

**DONE AND ORDERED** in Fort Myers, Florida on June 21, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties